ANNETTE M. CONNERS vs. WILLIAM HENNESSEY.

The owner of a house, by a parol agreement, employed a carpenter to raise and put another
story under the building, the carpenter agreeing to raise it, furnish the material and com-
plete the alteration to the satisfaction of the owner, for a fixed sum. *Held*, that the re-
lation of the parties was that of contractor and contractee, and not that of master and
servant, and that the owner was not liable for the acts or negligence of the carpenter in
the performance of the work, which caused the fall of the house upon the house of the
plaintiff, unless the carpenter was without proper skill or was unsuitable to do the work,
or unless the work contracted for created a nuisance.

TORT. The plaintiff in her declaration alleged that she was
owner and occupant of certain premises and a dwelling-house on
D Street in Boston, bounded on the southwesterly by the de-
fendant, who was the owner and occupant of the building "stand-
ing side by side of the plaintiff's," and about three feet there-
from ; that the defendant, himself and by his servants and
employees, raised his building about fifteen feet for the purpose
of adding an additional story thereto, leaving it supported in its
raised condition by timbers and blocks, improperly placed, and in
the prosecution of his purpose so unskilfully and carelessly man-
aged, displaced and removed the timbers and blocks as to cause
the building to fall over and upon the plaintiff's dwelling-house,
causing great damage thereto.

The defendant's answer admitted that he was the owner of the
house adjoining that alleged to be owned by the plaintiff in her
declaration, and said that it was true that the house owned by
him was in the process of being raised and altered, and was ele-
vated on blocks, and by the yielding of the blocks, or some cause
unknown to the defendant, the house owned by him settled or
sagged, and partially fell against the house alleged to be owned
by the plaintiff, and some injury was caused thereby ; but he said
that at the time of the injury he had contracted with one Mul-
holland to do all the work and furnish all the material, and the
tackles and tools required in the raising and alterations of the
house, for a definite specified sum, and the injury occurred while
the house was in the possession of Mulholland under the contract
or in the possession or under the control of a sub-contractor un-

der Mulholland, and that the defendant did not, by himself or by any servant or employee of his, do any act of carelessness or negligence, or by any omission of duty, occasion or contribute to the injury complained of.

On the trial of the case in the Superior Court, before *Lord*, J., evidence was introduced on the part of the plaintiff tending to prove that the falling of the defendant's house upon the plaintiff's was occasioned by the substitution of upright posts for its support in place of blocks upon which the house had rested for a day or two, after having been raised sufficiently high to put a story underneath, which was for a grocery store for the defendant. The testimony of the defendant tended to prove that he had by a parol agreement contracted with one John Mulholland, a carpenter, to raise his building and put a ten-foot high story under it for the defendant's use as a grocery store ; that Mulholland was to raise the building, furnish all the material, to provide and put up all necessary store fixtures, to paint and to complete the alterations to the satisfaction of the defendant, for the sum of seven hundred dollars, and that the alleged injury occurred while Mulholland was conducting the work on the alteration of the building under this contract.

The only question submitted to the jury was that of the liability of the defendant; and upon this question the plaintiff asked the court to instruct the jury, that if they were satisfied that the improvements which were being made upon the land of the defendant were for his benefit and for use on his own account, and made at his expense, he would be liable for the damages occurring through the negligence or want of skill of the persons conducting the work of such alterations and improvements, and this, whether the persons thus employed and engaged were working on wages or by contract. The court declined so to rule, and instructed the jury that if they were satisfied from the evidence that, at the time the alleged damage was done, the improvements and alteration of the defendant's estate were being made by Mulholland under a specific contract with the defendant to furnish all the material, and do all the work, and to complete certain specific alterations and improvements, to the satisfaction of the defend-

ant, for a fixed and certain sum to be paid Mulholland by the defendant; that if, in making such alterations, the relation of Mulholland and the defendant was that of contractor and contractee, and not that of master and servant, and the work to be done was in the line of business of Mulholland, the defendant would not be liable unless the work contracted to be done between the parties was such as to create a nuisance upon the estate of the defendant, or unless the person contracted with was either unsuitable or without proper skill to do the work.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*C. Torrey & G. W. Searle,* for the plaintiff.

*A. Russ,* for the defendant.

MORTON, J. The negligent act which caused the injury to the plaintiff was the act of Mulholland; and the defendant is not liable for it unless Mulholland was his agent or servant. The fact that it was done in making improvements upon the land of the defendant, for his benefit and at his expense, does not necessarily render him liable. The question is, whether the relation between the defendant and Mulholland was that of master and servant. In *Brackett* v. *Lubke,* 4 Allen, 138, Bigelow, C. J., says: " The distinction on which all the cases turn is this: If the person employed to do the work carries on an independent employment, and acts in pursuance of a contract with his employer by which he has agreed to do the work on certain specified terms, in a particular manner and for a specified price, then the employer is not liable. The relation of master and servant does not subsist between the parties, but only that of contractor and contractee. The power of directing and controlling the work is parted with by the employer, and given to the contractor. But on the other hand, if work is done under a general employment, and is to be performed for a reasonable compensation or for a stipulated price, the employer remains liable, because he retains the right and power of directing and controlling the time and manner of executing the work, or of refraining from doing it, if he deems it necessary or expedient." This distinction is recognized in other adjudged cases. *Forsyth* v. *Hooper,* 11 Allen, 419.

*Linton* v. *Smith*, 8 Gray, 147. *Hilliard* v. *Richardson*, 3 Gray, 349.

In the case at bar, the relation between Mulholland and the defendant was that of contractor and contractee. The defendant is not liable for the acts or negligence of the contractor in the performance of the work, unless he was without proper skill or unsuitable to do the work, or unless the work contracted for created a nuisance to the injury of another. The instructions at the trial were in accordance with these well established principles.

*Exceptions overruled.*