State *vs.* Consolidated European & North American Railway Company.

Penobscot. Decided February 6, 1878.

A railroad corporation is not liable to the forfeiture imposed by statute for the benefit of the widow and children of a person whose life is lost by the negligence of servants or agents employed in operating the road, if, at the time of the accident, the mortgagees of the corporation were in possession of the road and had its exclusive management and control.

On agreed facts.

Indictment found at the August term, 1876, against the defendant company under § 36, c. 51, R. S., for causing the death of Jasper A. Roberts, at Bangor.

It appeared that the acts alleged in the indictment were committed November 20, 1875; that one Benj. E. Smith, in October 27th, then last past, took possession of the railroad and all its property, and ever after had been in possession and had the management of said defendants' railroad as trustee, under a mortgage given by said defendant company, to him and another as trustees; and all persons in the management and charge of the railroad, engine and train were acting under and employed by him as such trustee. The indictment and mortgage were in the case, and the question presented to the court was, whether upon these facts the defendant company could be liable.

If the court should be of opinion that it may be, the case was to stand for trial, otherwise a "*Nolle Prosequi*" to be entered.

*J. Hutchings*, county attorney, & *T. W. Vose*, for the state.

*C. P. Stetson*, for the respondents.

Peters, J. The Consolidated European and North American Railway Company is indicted for causing the death of Jasper A. Roberts through the alleged negligence of its servants and agents in operating the road. It is conceded, that, at the time of the accident occasioning the death, the railroad corporation was not in the possession of the road. The mortgagees of the road were in the possession of it, having the entire management and control. The question is, whether under such circumstances, the railroad corporation can be made responsible for the forfeiture or damages which the statute imposes for such loss of life. Our judgment is that the indictment cannot be sustained.

The statute is this: "Any railroad corporation, by whose negligence or carelessness, or by that of its servants or agents while employed in its business, the life of any person, in the exercise of due diligence, is lost, forfeits not less than five hundred nor more than five thousand dollars, to be recovered by indictment

found within one year, wholly to the use of his widow, if no children; and to the children, if no widow; if both, to her and them equally; if neither, to his heirs."

Obviously enough, these provisions do not touch the respondents. They then had no business upon the road. They had no servants or agents connected with the road. The employees engaged in running the road were entirely independent of the corporation and free from its control. The corporation had no more participation in the affairs and direction of the road than the deceased had. Certainly, the mortgagees were not the agents of the mortgagers. Here the mortgagees were principals. An agent is presumed to be under some control of his superior. The mortgagees were under no control, of any kind, of the corporation. The word "agent," coupled with the word "servant," is presumed to have a meaning somewhat *ejusdem generis.* In the earliest statute on the subject, (c. 70, Laws of 1848) the servant or agent is declared to be "the person having charge of the locomotive engine . . . or the conductor or other person having charge of any car or train of cars on the road."

By the act of 1855, (c. 161, §§ 1 and 2) the statutory provision was remodeled and its terms extended so as to embrace other common carriers, and imposing upon railroad corporations precisely the same liability it did upon the proprietors of steamboats and stage coaches. Would any one contend that a mortgager of a steamboat or stage coach was liable for the negligence of a mortgagee in the management of the property, the mortgagee having the entire direction and control?

In strictly civil suits, it would not now-a-days be pretended that a mortgager, out of possession and control of property real or personal, could be held for the acts of the mortgagee who is in the possession of such property and has an independent control of it. The maxim *respondeat superior* does not apply. This doctrine is well illustrated in many modern cases. We cite a few pointed cases which are particularly pertinent to the positions assumed in the case at bar. *Eaton* v. *Eu. & N. A. R. Co.* 59 Maine, 520, 526. *Mahoney* v. *At. & St. Law. R. R. Co.* 63 Maine, 68. *Fletcher* v. *Boston & M. Railroad,* 1 Allen, 9. *Ballou*

v. *Farnum*, 9 Allen, 47. *Conners* v. *Hennessey*, 112 Mass. 96. *Sprague* v. *Smith*, 29 Vt. 421. Why should a different rule fix the rights of the parties under this indictment? It is admitted, in all the discussions upon this and similar statutes, that the remedy here sought for, although criminal in form, is in all its incidents a civil process. Massachusetts, New Hampshire and Maine furnish the remedy in the form of an indictment. New York and other states allow essentially the same prosecution to be carried on by means of a special action of the case in the name of an administrator of the deceased. The case *State* v. *Grand Trunk Railway*, 58 Maine, 176, decides, for very satisfactory reasons, that the same rules of evidence and the same rules of law should be applied in prosecutions of this kind as in analogous civil actions for damages. The forfeiture is recoverable rather as damages than punishment. There would be no forfeiture where the deceased leaves no widow nor children nor heirs. See *State* v. *Gilmore*, 24 N. H. 461, 472.

This corporation cannot be held. And, for the act alleged, as the statute stands, we do not see how any person or party can be.

*Indictment, by agreement, to be quashed.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.