PERLEY F. STURGES *vs.* SOCIETY FOR THE PROMOTION OF THEOLOGICAL EDUCATION AT CAMBRIDGE.

Suffolk.   March 10, 1880. — Feb. 23, 1881.   ENDICOTT, SOULE & FIELD, JJ., absent.

If a person employs a contractor to construct a drain from his cellar into the common sewer in the street, through a plank barrier which surrounds, beneath the surface of the street, the block of buildings in which the cellar is situated, and the work is so negligently and improperly done that, after it is finished, tide water flows through the opening made in the barrier and through the cellar into an adjoining cellar, the person employing the contractor is liable for the damage caused to the owner of the adjoining cellar.

MORTON, J.   The declaration alleges that the defendant, being the owner of the building adjoining that occupied by the plaintiff, undertook to construct a drain from its cellar into the common sewer in North Street in Boston, and negligently performed the work, and thus caused tide-water to flow into the cellar of the plaintiff.   The block of buildings in which the two cellars are situated was surrounded by a plank barrier constructed beneath the surface of the street to prevent the tide from flowing into the cellars.   It was necessary to construct the drain from the defendant's cellar through this barrier in order to reach the common sewer.   The defendant employed one Collins to do the work; and the evidence tended to show that he did the work negligently and improperly, so that, after he had finished the work, the tide flowed through the opening made in the barrier and through the defendant's cellar into the cellar of the plaintiff.   Assuming, as the evidence tends to show, that Collins's relation to the defendant was that of a contractor, and not of a mere servant, the question is whether the defendant is

liable for injuries caused by the improper construction of the drain.

The owner of a building, who has used due care in the employment of an independent contractor, is not responsible to third persons for the negligence of the latter, occurring in his own work in the performance of the contract, such as the handling of tools or materials, or providing temporary safeguards while doing the work. *Hilliard* v. *Richardson*, 3 Gray, 349. *Conners* v. *Hennessey*, 112 Mass. 96. *Gorham* v. *Gross*, 125 Mass. 232. *Butler* v. *Hunter*, 7 H. & N. 826. As to such matters, pertaining to the mode in which he does the work, he is not the servant of the owner. But where the thing contracted to be done from its nature creates a nuisance, or where, being improperly done, it creates a nuisance and causes mischief to a third person, the employer is liable for it.. *Gorham* v. *Gross*, *ubi supra*, and cases cited.

In the case at bar, the defendant had the right to make an opening through the barrier for the purpose of laying a drain, but it was its duty to close it securely so that the cellars should be protected from the tide. Having employed an independent contractor, it is not responsible for his negligent acts while doing the work, because in respect to such acts he is not its servant; but, if the work after it was done created a nuisance, and caused injury to the plaintiff, it is responsible. The jury would have been authorized in finding that the cause of the plaintiff's injury was the failure of the defendant to make the barrier tight after laying the drain. It was its duty to do this, and it cannot shield itself from responsibility by showing that it employed a contractor to do the work who was negligent. The mischief to the plaintiff is the result of the neglect of the defendant to perform its duty. We are therefore of opinion, that the case should have been submitted to the jury.

As a new trial must be granted on this ground, it is not necessary to consider whether there was any evidence of negligence on the part of the defendant in employing an incompetent contractor.                              *New trial ordered.*

*S. J. Thomas & C. P. Sampson*, for the plaintiff.

*O. W. Holmes, Jr.*, for the defendant.