ADELINE CURTIS *vs.* DANIEL F. KILEY & another.

Essex.    November 5, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Dangerous Pitfall — Independent Contractor.*

If the owner of premises under his control employs an independent contractor to do work upon them, which from its nature is likely to render the premises dangerous to persons who may come upon them by the owner's invitation, the owner, by reason of the contract, is not relieved from the obligation of seeing that due care is used to protect such persons.

TORT, for personal injuries sustained by the plaintiff, by falling into a trench upon premises owned by the defendants.

Trial in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows.

From the undisputed evidence it appeared that the defendants were the owners of a lot of land upon the corner of Common, Street and Newbury Street in Lawrence, upon which were situated two tenement houses, and a building used as a wood and coal shed; that all of these buildings were occupied by tenants of the defendants; and that the trench in question was being constructed in a yard about eighty feet square, used in common by the tenants.   The plaintiff, who was not a tenant of the defendants, testified that upon the evening of the accident she visited one Mrs. Lahey, a tenant of the defendants, and, having been informed that there was an excavation in that part of the premises near the house occupied by her, she entered upon the premises from Newbury Street, where there was an entrance which was open and had been used for many years, instead of by the way commonly used by persons going to and from the Lahey house, and in crossing the yard she fell into the excavation, which was about ten feet long, nine feet deep, and between two and three feet wide, and was injured; that there were no lights about the excavation; and that she met with no obstacle before falling in.

The plaintiff's evidence also tended to prove that the trench was but partially guarded.

The defendants' evidence tended to show that the defendants entered into an oral contract with one Condon, a contractor and plumber, whereby Condon agreed for the sum of two hundred and fifteen dollars to furnish all the tools, materials, and labor, and do all the work necessary, for the completion of the work of laying drain-pipes from the water-closets on the premises to a sewer; that under the contract Condon had full power and authority to employ the laborers and direct the manner in which the work was to be done; that they had never been upon the premises during the progress of said work, nor given any orders or directions with reference to it; and that they had known Condon for a number of years, and that he had performed similar labor for them before, and they had always found him a competent man in his line of business.

Upon the whole evidence, the defendants requested the judge to rule that the plaintiff could not recover; but the judge declined so to rule, and the defendants excepted.

The defendants also requested the judge to instruct the jury as follows: "If the jury find from the evidence, that, at the time of the alleged injury to the plaintiff, the drain in question was being constructed by Condon under and in pursuance of a specific contract with the defendants, whereby he was to furnish all the material and do all the work necessary for the completion of the contract for a fixed and certain sum, and the defendants did not retain the right or exercise the power of directing and controlling the manner of executing said work, and that Condon was a competent man to perform the work, then the defendants are not responsible to the plaintiff for the negligence of Condon or his servants in his own work in the performance of the contract, such as the handling of tools and materials, or providing temporary and suitable safeguards while doing the work."

The judge declined so to rule, but, against the defendants' objection, instructed the jury in substance as follows: "I rule in this particular case that it was the duty of the owner of these premises, having the general ownership of them and of the yard used by several tenants, not under the control of any one of them but under the general control of the owner, when working upon these premises for the improving of them, doing that which was legitimate and proper, so to do it as not to endanger

the life or limb of those persons occupying the premises, or going rightfully upon the premises by the invitation of the tenant. If the doing of the work contracted for by the defendants, in the usual and ordinary way, would be likely to or probably would subject those persons who were rightfully using the premises in the exercise of ordinary care to loss of life or limb, or to great bodily injury, then it was the duty of the owners of the premises to use reasonable care to protect such persons from that liability by suitable barriers, or by proper warning. That is the duty which devolved upon the owner. If the work to be done was a work the doing of which in the common and ordinary way would not be likely to subject persons occupying or going upon the premises lawfully to peril, to danger to life or limb, or to bodily injury, then the party is not answerable; but if the doing of the work in the common and ordinary way is likely to subject parties to liability to damage, to bodily injury, then it is the duty of the owner in doing the work to protect parties against such liability to damage who are rightfully upon the premises. . . . The owner of the premises cannot relieve himself from liability by contract, and if the party who has the contract to do it does all that is reasonable and proper, then the owner is fully protected, and if he does not do it, then he is not protected, because it is the owner's duty to see that that is done, and he is not relieved from liability by reason of contracting, under such circumstances, to have the work done by another."

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*J. J. Mahoney,* for the defendants.

*W. S. Knox,* for the plaintiff.

FIELD, C. J. As we understand the exceptions, there was evidence for the jury that the yard was under the general control of the defendants; that there was an entrance into and a passageway across the yard to the tenement occupied by Mrs. Lahey, which the jury might find the plaintiff was invited by the defendants to use; and that a trench had been dug either across this passageway or near to it, which rendered the passageway unsafe to those travelling upon it unless proper guards were put up. The principal contention of the defendants is, that, as the work of digging the trench, and of laying drain-pipes in it,

and of restoring the surface of the yard to its original condition, was being done by one Condon, who was a competent person and not a servant of the defendants, but an independent contractor, and as the defendants retained no control over the manner in which this work should be done, they are not responsible. We think that the case falls within the rule, that when the owner of premises which are under his control employs an independent contractor to do work upon them which from its nature is likely to render the premises dangerous to persons who may come upon them by the invitation of the owner, the owner is not relieved by reason of the contract from the obligation of seeing that due care is used to protect such persons. The owner cannot continue to hold out the invitation without being bound to exercise due care in keeping the premises reasonably safe for use according to the invitation. *Stewart* v. *Putnam*, 127 Mass. 403. *Sturges* v. *Theological Education Society*, 130 Mass. 414, 415. *Woodman* v. *Metropolitan Railroad*, 149 Mass. 335.

*Exceptions overruled.*