## ANNIE F. PYE *vs.* J. FRANKLIN FAXON.

Suffolk.    March 7, 1892. — June 21, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Variance — Exclusion of Evidence — Exceptions — Existence of Contract —*
*Negligence of Contractor or of Owner of Land — Injury from Dust —*
*Loss of Rent — Failure to except — Instructions.*

A plaintiff in an action of trespass testified to the matters set forth in the decla-
ration, and also, apparently without objection, to other trespasses. *Held,* that
a ruling was rightly refused that there was a variance between the declaration
and the proof, and that the plaintiff could not recover for any of the acts or
injuries shown by his evidence. *Held, also,* that if the defendant wished to
exclude evidence of other trespasses he should have objected to it at the time,
or have asked the judge afterwards to instruct the jury not to regard it.

The principal question in an action of trespass arose out of the defendant's con-
tention that the work was done under a contract, and that the trespasses were
caused by the negligence of the servants of an independent contractor. In the
first part of the bill of exceptions was a long paragraph beginning with the
words, "It appeared," and several lines further on were the words, "that the
defendant let all of the mason-work on the said building to one S., a contractor,
under a special contract," etc. The exceptions later set forth the evidence at
length bearing on the question of the existence of an oral contract. *Held,* that
the words "It appeared" were not to be interpreted as meaning that the exist-
ence of the contract was a conceded fact, and also that there was no error in
submitting the question to the jury whether any such contract was made.

The general rule that the owner of land is not liable for the negligence of the ser-
vants of an independent contractor does not apply, "if the performance of a
lawful contract necessarily will bring wrongful consequences to pass unless
guarded against."

In an action for trespasses alleged to have been committed by the defendant upon
the plaintiff's estate while the former was putting up a building on his land,

---

instructions that, if in the erection of the wall of the building there would be incidentally some dust, it would not be actionable, though somewhat inconveniencing the plaintiff, but if it proved to be a serious inconvenience and injury, which would deprive the plaintiff of the enjoyment of his premises for any considerable length of time, it would be actionable, were held to be correct.

If the plaintiff has a cause of action against the defendant for trespasses committed upon his estate by the erection by the defendant of a building on his land, he is entitled to compensation for the diminution in his business and profits occasioned by the defendant's acts, and evidence of loss of rent is admissible.

If it does not appear that a party aggrieved excepted to the exclusion of certain evidence, this court will not consider whether it should have been admitted.

In an action of trespass in the instructions to the jury as reported in the bill of exceptions no reference was made to certain evidence as a subject matter of damages. *Held*, that, as the bill stated that full instructions were given upon all other parts of the case to which no exception was taken, the court must assume that appropriate instructions were given upon this point.

LATHROP, J.　This is an action of tort. The plaintiff is a tenant at will of a house in Boston, used by her as a home and as a lodging-house; and the defendant is the owner of an adjoining lot of land. The action is brought to recover for various trespasses alleged to have been committed by the defendant upon the plaintiff's estate, while the defendant was engaged in putting up a large building for business purposes on his land. The declaration alleges that the defendant unlawfully threw or dropped upon the plaintiff's premises mortar, bricks, and debris, interfered with the free and unobstructed use by the plaintiff of her back yard, caused much dust to be deposited in sundry rooms of the plaintiff's house, thereby interfering with the comfort and enjoyment of the plaintiff's house; and that the defendant interfered with and prevented the plaintiff's letting many of her rooms to lodgers. The jury returned a verdict for the plaintiff; and the case comes before us on the defendant's exceptions.

The plaintiff testified in respect to the matters set forth in her declaration, and also testified, apparently without objection, to other trespasses. The defendant asked the judge to rule that there was a variance between the declaration and the proof, and that the plaintiff could not recover " for any of the acts or injuries shown by the plaintiff's evidence." The judge rightly refused so to rule. There was evidence to sustain the allegations of the declaration. If the defendant wished to exclude evidence of other trespasses, he should have objected to it at the time,

or have asked the judge afterwards to instruct the jury not to regard it.

The principal question in the case arises out of the defendant's contention that the work was done under a contract, and that the trespasses were caused by the negligence of the servants of an independent contractor. In the first part of the bill of exceptions is a long paragraph beginning with the words, "It appeared," and several lines further on are the words, "that the defendant let all of the mason-work on the said building to one James Smith, a contractor, under a special contract that said Smith should furnish the materials, and perform all the labor in erecting the walls and doing all the mason-work on said building, according to the plans and specifications furnished him by the defendant." We do not think that the words "It appeared" are to be interpreted as meaning that the existence of the contract was a conceded fact, for the exceptions later on set forth the evidence at length bearing on the question of the existence of an oral contract. We see no error, therefore, in submitting the question to the jury, whether any such contract was made.

The jury were further instructed, that, if they found that a contract existed, the defendant was not liable if the injuries were caused by the negligence of the contractor or of the men in his employ, unless the work was such as necessarily involved injury to the plaintiff's premises, if the work was done in the proper way. It appeared from the testimony of the defendant's witnesses that the wall next to the plaintiff's premises was not built on the boundary line, but was nine and a half inches from it, and that it was built by putting a staging on the inside, and the bricks when laid pressed out the mortar, which was then scraped off by the trowels of the masons, and more or less of it dropped down upon the plaintiff's land, upon her rear windows, and upon the clothes hanging in her back yard.

The presiding judge, in his charge to the jury, said: "Did that drop down by the carelessness of the workmen, or was it something necessarily involved in the building of the wall at that place? Just so far as it was from the carelessness of the workmen the defendant is not liable for that; but if it was something necessarily involved in the building of the wall,

then . . . the defendant is liable to the plaintiff so far as it is actionable."

We see no error in this instruction. While the general rule undoubtedly is, that the owner of land is not liable for the negligence of the servants of an independent contractor, it has often been held that the rule does not apply, and that the owner is liable " if the performance of a lawful contract necessarily will bring wrongful consequences to pass unless guarded against." Holmes, J., in *Woodman* v. *Metropolitan Railroad*, 149 Mass. 335, 340, and cases cited.

As to the dust arising from dumping loads of brick, the jury were instructed, that if, in the erection of the wall, there should be incidentally some dust, which would be but a trifling matter, it would not be actionable, although it inconvenienced the plaintiff to some extent; but if it were carried to that extent, and carried on for that length of time, that it would be a serious inconvenience and injury, which would deprive the plaintiff of the enjoyment of her premises for any considerable length of time, then it was actionable; and if it were carried to that extent that it was a serious inconvenience to the enjoyment of the plaintiff's premises, " then the defendant should have found some way to have prevented that; if not, then he must pay whatever damages he causes in that way."

Whether there was sufficient evidence to warrant the jury in finding for the plaintiff for any injury caused by dust, is not open on this bill of exceptions; and the only question is as to the correctness of the instructions. The right of a person to recover for an injury of this sort is largely a question of degree. See *Middlesex Co.* v. *McCue*, 149 Mass. 103. It may be so trifling as not to be actionable, and it may be so excessive and long continued as to warrant the submission of the question to the jury. If there was sufficient evidence in this case, we find no error in the instructions.

In regard to damages sustained by the plaintiff in consequence of some of her lodgers leaving her house, if this was attributable to the defendant, special instructions were asked and refused, and certain instructions were given. We are not called upon to consider whether the instructions requested should not have been given, nor whether the instructions given are in all respects

accurate.    The defendant's contention at the argument was, that the plaintiff's evidence only showed loss of rent from rooms, and that it was not enough to show that the rental value of her property was impaired.    But if the plaintiff had a cause of action against the defendant, she was entitled to compensation for the diminution in her business and profits occasioned by acts for which he was responsible, and evidence of loss of rent was admissible.    *Stetson* v. *Faxon*, 19 Pick. 147.    *French* v. *Connecticut River Lumber Co.* 145 Mass. 261.    See also *Fritz* v. *Hobson*, 14 Ch. D. 542.

It appears from the bill of exceptions that certain evidence offered by the defendant was excluded on the plaintiff's objection.    It does not appear, however, that the defendant excepted to such exclusion.    We have not considered, therefore, whether such evidence should have been admitted.

Evidence was also admitted, without objection, that bricks and timbers were placed in front of her house, both in the street and on the sidewalk.    In the instructions to the jury, as reported in the bill of exceptions, no reference is made to this as a subject matter of damages.    The bill, however, states that full instructions were given upon all other parts of the case, to which no exception was taken.    We must assume, therefore, that appropriate instructions were given upon this point.

*Exceptions overruled.*

*W. E. Jewell*, for the defendant.
*O. B. Mowry*, for the plaintiff.