Minshall, J.
This case was argued and submitted with the case of the Bridge Co. v. Proctor D. Patrick, the injury in each case, and for which the action was brought, having been caused by the falling of a wall, attributed to the negligence of the defendant; Patrick, therefrom, having received an injury to .his person, and he and his partner, Steinbrock, an injury to their property. In the case of Patrick and his partner, the case was taken from the jury at the close of the plaintiff’s evidence, on the ground that there was no evidence to support the case. The judgment was reversed, on error, by the general term and cause remanded (4 N. P., 229); and error is prosecuted here to reverse the General Term. In the case of Patrick alone for an injury to his person, a verdict was rendered for the plaintiff, under the charge of the court, to which exceptions were reserved; and the judgment was *221 affirmed by the General Term (5 N. P., 374). A bill of exceptions, taken and made a part of the record, in each case, contains all the evidence, and, also, in the last case, the charge of the court and certain instructions that were refused. Both cases, however, turn upon the question, whether the defendant below was relieved from liability on the ground of having employed an independent contractor to do the work, the negligent doing of which caused the injury complained of in each case.
In August, 1895, a large brick warehouse, some five stories high, was in a measure destroyed by fire, the walls of which, at least the east one, were left standing in such a ruined condition as to be dangerous to the public, and were required by the Inspector of Buildings to be taken down. The east wall extended south along an alley from its intersection with Second street some ninety or a hundred feet; and opposite to this wall, on the east side of the alley, was the property of the plaintiffs. After the notice by the Inspector of Buildings, the Bridge Company made a contract with one Hasler to take down the walls of the building for a consideration agreed on by the parties, the company retaining no express control of the work; but stipulating that Hasler, the contractor, should save it harmless in case of accident to person or property during the work. While engaged in taking down the east wall, a part of it fell and caused the injury sued for in each case. It was, from the time of the fire, a mere ruin, “bulged out,” as the witness termed it, toward the east, and manifestly dangerous to the public, of which the plaintiffs below, were part. It could, however, as shown by the testimony, by the exercise of great care, have been taken down without probable injury to others; *222 and the falling of the wall, or a part of it, was caused by the negligence and want of skill on the part of the contractor in the mode adopted for taking it down. This is not controverted by the plaintiff in error. An attempt was made, after having weakened the wall on a line below the “bulge” to pull it in upon the premises by a rope, attached to it; but by reason of the “bulge,” that part fell outward over the alley and on the property of the plaintiffs, their property being lower - than the wall. This, as the evidence shows, might have been readily anticipated by a person of skill and experience in such business. Patrick was at the time in the part of his property on which the wall fell, and was injured, as was also the property of himself and partner. No fault is imputed to him, nor his partner.
The doctrine of independent contractor, whereby one who lets work to be done by another, reserving no control over the performance of the work, is not liable to third persons for injuries resulting from negligence of the contractor or his servants, is subject to several important exceptions. One of these, applicable as we think to this case, is where the employer is, from the nature and character of the work, under a duty to others to see that it is carefully performed. It cannot be better stated than in the language used by Cockburn, C. J., in Bower v. Peate (1 L. R. Q. B. Div., 321, 326), a leading and well considered case. It is, “That a man who orders a work to be executed, from which, in the natural course of things, injurious consequences to his neighbor must be expected to arise, unless means are adopted by which such cosequences may be averted, is bound to see to the doing of that which is necessary to prevent *223 mischief, and cannot relieve himself of his responsibility by employing some one else — whether it be the contractor employed to do the work from which the danger arises or some independent person — or to do what is necessary to prevent the .act he has ordered done from becoming unlawful.” It was suggested by Lord Blackburn in Hughes v. Percival (8 App. Cas., 443) that this was probably too broadly stated. But in the recent case of Hardaker v. Idle District Council 1 L.R.Q.B.Div., (1896) 335 the doubt expressed by Lord Blackburn was regarded as unwarranted, and the principle as formulated by Cockburn, was adopted and applied. This does not abrogate the law as to independent contractor. It still leaves abundant room for its proper application. “There is,” as stated by Cockburn, “an obvious difference between committing work to a contractor to be executed, from which, if properly done, no injurious consequences can. arise, and handing over to him work to be done from which mischievous consequences will arise unless precautionary measures are adopted.”
The weight of reason and authority is to the effect that, where a party is under a duty to the public, or third person, to see that work he is about to do, or have done, is carefully performed so as to avoid injury to others, he cannot by letting it to a contractor, avoid his liability, in case it is negligently done to the injury of another. Bower v. Peate, 1 L. R. Q. B. Div., 321; Tarry v. Ashton, id. 314; Hughes v. Percival, 8 App. Cas., 443; Dalton v. Angus, 6 App. Cas., 829; Hole v. Railway Co., 6 H. & N., 488; Gray v. Pullen, 5 B. & S., 970; Hardaker v. Idle Dist. Council, 1 L. R. Q. B., Div. (1896) 335; Storrs v. City of Utica, 17 N. Y., 104; Spence v. Schultz, 103 *224 Cal., 208; Sturges v. Theological etc. Society, 130 Mass., 414; Gorham v. Gross, 125 Mass., 232; Mechem on Agency, §§747, 748; Wharton on Neg., §185; Wood Master and Servant, §316; Sherman and Redfield on Neg., §176; Pickard v. Smith, 10 C. B. (N. S.), 470; Penny v. Wimbledon Urban Council, 2 L. R. Q. B. (1898), 212, 217; Halliday v. National Telephone Co., 2 L. R. Q. B. (1899), 392; Lawrence v. Shipman, 39 Conn., 586, 589; Stevenson v. Wallace, 27 Grat., 77; Water Co. v. Ware, 16 Wal., 566; Black v. Christ Church Finance Co. (1894), A. C., 48.
The duty need not be imposed by statute, though such is frequently the case. If it be a duty imposed by law, the principle is the same as if required by statute. Cockburn, C. J. Bower v. Peate, supra, at 328. It arises at law in all cases where more or less danger to others is necessarily incident to the perfoi*mance of the work let to contract. It is the danger to others incident to the performance of the work let to contract, that raises the duty, and which the employer cannot shift from himself to another, so as to avoid liability, should injury result to another from negligence in doing the work. In Bower v. Peate, supra, the defendant, whose house adjoined that of plaintiff, let to a contractor the taking down and rebuilding of his house, reserving no control of the work. The work let required the lowering of the foundations of the defendant’s house, and it was known that this would require the practice of underpinning, or some other safe mode of shoring or supporting the plaintiff’s soil, during the operations. Owing to neglect in this regard injuries accrued to the plaintiff’s house, which gave rise to the action; and on the princi *225 pie above stated the defendant was held liable. In Hughes v. Percival, on appeal, the appellant and respondent were owners of adjoining houses between which was a party wall, the property of both. The appellant’s house also adjoined B’s. house and between them was a party wall. The appellant employed a builder to pull down his house and rebuild it on a plan which involved the tying together of the new house and the party wall between it and the respondent’s house, so that if one fell the other would be damaged. In the course of the rebuilding the builder’s workmen in fixing a staircase, negligently and without the knowledge of the appellant, cut into the party wall between the appellant’s house and B’s. house, in consequence of which the appellant’s house fell, and the fall dragged over the party wall between it and the respondent’s house and injured it. The cutting into the party wall was not authorized by the contract between the appellant and the builder; and it was held that the law cast a duty upon the appellant to see that reasonable care and skill were exercised in those operations which involved a use of the party wall belonging to himself and the respondent, exposing it to the risk above mentioned, and that he could not get rid of the responsibility by delegating the performance to a third person. Dalton v. Angus is a similar case to this and was ruled the same way. In Hardaker v. Idle Dist. Council, the defendant, under statutory authority, employed a contractor to construct a sewer for it. In consequence of his negligence in carrying out the work a gas main was broken and the gas escaped from it into the house in which the plaintiffs (a husband and wife) resided and an explosion took place by which the wife was *226 injured in her person and the husband in his property, the defendant was held liable on the ground that it owed a duty to the public (including the plaintiffs) so to construct the sewer as not to injure the gas main, and that this duty could not be delegated to another so as to relieve it from liability for negligence. In Halliday v. Telephone Company, supra, the defendant employed a contractor to put in conduit tubes for it under a highway, and the joints of the tubing were to be soldered together with melted lead. By the negligence of the servants of the contractor in doing the work, melted lead, by an explosion, was splashed over the plaintiff on the public sidewalk, and the company was held liable. It is there said that, from the authorities, “it is very difficult for a person who is engaged in the execution of dangerous work near a highway to avoid liability by saying that he has employed an independent contractor, because, it is the duty of a person who is causing such work to be executed to see that they are carefully carried out, so as not to occasion any damage to persons passing by on the highway. I do not agree that this was a case of mere casual and collateral negligence within the meaning of that term, for it was negligence in the very act which Higmore was engaged to perform.” In referring to the English cases, Smith, L. J., in Hardaker v. Idle District Council, said, “The ratio decidendi of these cases is, that, as the duty was imposed upon the defendant by law, he could not escape liability by delegating the performance of the duty to a contractor, for the obligation was imposed on the defendant to take the necessary precautions to ensure that the duty should be performed.” Gorham v. Gross; Stevenson v. Wallace and Water Co. v. Ware, cited above, *227 also clearly illustrate this distinction. In Packard v. Smith, the defendant was the .lessee of refreshment-rooms and a coal-cellar, and there was an opening for putting coal into the coal-cellar on the arrival platform at a railway station. The defendant employed a coal merchant to put coal into the cellar, and the coal merchant’s servant, while putting coal into the cellar, left the hole insufficiently guarded. The plaintiff while passing in the usual way out of the station, fell into the cellar and was injured. The defendant was held liable. In commenting on this case, in Penny v. Wimbledon Urban Council, Bruce, J., said: “The principle of the decision, I think, is this, that where a person employs a contractor to do work in a place where the public are in the habit of passing, which work will, unless precautions are taken, cause danger to the public, an obligation is thrown upon the person who orders the work to be done to see that the necessary precautions are taken, and that if the necessary precautions are not taken, he cannot escape liability by seeking to throw the blame on the contractor.” This principle seems to apply directly to the case at bar. The walls as they stood were a nuisance to the public; and taking them down would necessarily be attended with danger to others, unless care was observed in doing the work. This, though a misfortune, was an incident to the defendant’s ownership of the property, cast on him by the law, and which he could not shift to another without being liable for negligence in razing the walls.
Conformable to these principles the law seems settled in this state. In Circleville v. Neuding, 41 Ohio St., 465, the city let to a contractor the construction of a cistern in one of its *228 streets, reserving no control over the work. The plaintiff, during the prosecution of the work, fell into it in the night and was injured, by reason of the neglect of the contractor to cause it to be properly protected. The city was held liable, because of its statutory duty in the premises. But, as already seen, the fact that the duty had been imposed by statute is not material. Its liability arises from the fact that it was its legal duty to cause the work to be protected, and could not delegate this duty to another so as to absolve it from liability. So, in Railroad Co. v. Morey, 47 Ohio St., 207, the defendant employed a contractor to do for it certain plumbing which involved the opening of the public highway for the purpose of laying a drain therein. The plaintiff in the night time fell into the ditch by reason of the negligence of the contractor in not properly protecting it. The defendant was held liable on the ground stated in the syllabus, which is as follows: “One who causes work to be done is not liable, ordinarily, for injuries that result from carelessness in its performance by the employes of an independent contractor to whom he has let the work, without reserving to himself any control over the execution of it. But this principle has no application where a resulting injury, instead of being collateral and flowing from the negligent act of the employe alone, is one that might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance. In such case the person causing the work to be done will be liable, though the negligence is that of an independent contractor.” It is claimed that this proposition of the syllabus in Railroad Co. v. Morey should be mod *229 ified. We see no reason for doing so. It is supported by reason and authority and many well considered cases. In so far as Clark v. Fry, 8 Ohio St., 358, may be construed as supporting a different doctrine, it is not law. It has been properly distinguished in Railroad Co. v. Morey. It should be confined to the cases where from the nature of the work or the circumstances under which it is to be performed, no particular duty is imposed on the party procuring the work to be done, to see that it is carefully done.
It is urged as unreasonable that one who has work to perform, that he himself cannot perform, from want of knowledge or skill, should be held liable for the negligence of one whom he employed to do it, since, if he did reserve control, it would avail nothing from his own want of knowledge and skill. There is a seeming force in this, but only so. It is not agreeable to the principles of distributive justice. For it is equally a hardship that one should suffer loss by the negligent performance of work which another procured to be done for his own benefit, and which he in no way promoted and over which he had no control. Hence where work is to be done that may endanger others, there is no real hardship in holding the party, for whom it is done, responsible for neglect in doing it. Though he may not be able to do it himself, or intelligently supervise it, he will nevertheless, be the more careful in selecting an agent to act for him. This is a duty which arises in all cases where an agent is employed; and no harm can come from stimulating its exercise in the employment of an independent contractor, where the rights of others are concerned.
Applying the principles discussed to the case un *230 der review, and there seems little room for doubt as to how it should be decided. The duty, as observed, was imposed by law upon the Bridge Company to take down the walls left standing by the fire, because they were a menace to the public and the property of persons in the vicinity. The doing of the work necessarily' involved danger to others unless great care was used; and the injury resulted from negligence in doing the work. It was not collateral to the employment, as would have been the case, had a servant of the contractor, while at work, negligently let fall a brick upon a person in passinb by (Pickard v. Smith, supra); on the contrary it resulted from the negligent manner in which the work let to be done was done, and should have been anticipated by the employer as a probable consequence, unless care was observed. It is the duty to observe such care, enjoined on a party by law, that cannot be delegated to another so as to avoid liability for its neglect.
There was no error then in the General Term reversing the judgment of the Special Term for taking the case from the jury. In the case of Patrick alone, where a verdict was rendered for the plaintiff under the charge of the court, we see no reason for reversing it. The charge properly stated the law, and the instructions asked by the defendant being inconsistent with the charge, were properly refused. The judgment in each case is therefore

Affirmed.