MARY P. BOOMER *vs.* JOSEPHUS W. L. WILBUR & another.

Bristol.    December 14, 1899. — September 4, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Fall of Bricks from Building — Contractor and Contractee — Negligence — Instructions — Evidence — Exercise of Discretion by Presiding Justice.*

If, in an action for personal injuries occasioned to the plaintiff while passing on the sidewalk by the fall of bricks from a chimney on the house of the defendant, it appears that the relation between the defendant and the contractor employed in repairing the chimney was that of contractor and contractee, instructions to the jury which allow them to find a verdict for the plaintiff, not upon the ground that the chimney was a nuisance "likely to do mischief," but upon the ground that the work of repair called for by the contract was necessarily a nuisance within the rule stated in *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335, are incorrect; and the defendant is not answerable for the negligence of the contractor.

In an action for personal injuries occasioned to the plaintiff while passing on the sidewalk by the fall of bricks from a chimney on the house of the defendant, which chimney a contractor was employed in repairing, a circular handed to the defendant by the contractor when the contract was made representing his business competency and experience, and including a cut of the staging used by him, is rightly excluded, his competency, even if material, not being in dispute, and the kind of staging he advertised to use being immaterial; and the exclusion of questions with reference to prior ailments of the plaintiff is within the discretion of the court.

TORT, for personal injuries occasioned to the plaintiff by the fall of brick and mortar from a chimney on the house of the defendants in Taunton upon the plaintiff while she was passing below on the sidewalk. At the trial in the Superior Court, before *Bond,* J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*L. E. White,* for the defendants.

*H. J. Fuller,* for the plaintiff.

HAMMOND, J. The court instructed the jury in substance that where, under a contract between the owner of a house and the person doing the work, work is done upon the house, and the owner retains the right of access to and the control of the premises, and such work is ordinarily attended with danger to the public unless proper precautions are taken to avoid it, the owner

is bound to the exercise of due care to see that such precautions are taken for the safety of the public; and if by reason of the failure to take such precautions a person lawfully on the street and in the exercise of due care is injured, the owner is answerable notwithstanding the work is being done under a contract between him and the contractor.

Having stated this as a general rule, the court applied it to this case as follows: "If the defendants employed a person to repair the chimneys on their buildings adjoining the highway under the contract, to repair them for a fixed sum, and the defendants retained the right, retained control, and the right of access to the building, and such work on the chimneys would ordinarily be attended with danger to the public unless proper precautions to avoid it were taken, the defendants were bound to take proper precautions, or to see that proper precautions were taken, for the safety of the public; and if the plaintiff was injured while she was lawfully on the street, adjoining the defendants' premises, and in the exercise of due care, by reason of the failure of the defendants to take proper precautions, or by reason of their failure to see that proper precautions were taken, to avoid such injury, then the defendants are liable for the injury."

We understand these instructions to mean that, even if the defendants employed a competent, independent contractor to repair these chimneys, who was to do the work without any dictation or supervision on the part of the defendants over the details of the work or the manner in which it should be done, the defendants would be answerable for the failure of the contractor to take proper precautions to protect travellers upon the highway from falling bricks.

While the master is liable for the negligence of the servant, yet when the person employed is engaged under an entire contract for a gross sum in an independent operation, and is not subject to the direction and control of his employer, the relation is not regarded as that of master and servant, but as that of contractor and contractee; and in such case the general rule is that the negligence of the contracting party cannot be charged upon him for whom the work is to be done; and this rule is applicable even where the owner of the land is the person who hires the

contractor, and for whose benefit the work is doné.  *Hilliard* v. *Richardson*, 3 Gray, 349.  *Forsyth* v. *Hooper*, 11 Allen, 419. *Conners* v. *Hennessey*, 112 Mass. 96.  *Harding* v. *Boston*, 163 Mass. 14, 18.  There are, however, some well known exceptions to the rule.  If the performance of the work will necessarily bring wrongful consequences to pass unless guarded against, and if the contract cannot be performed except under the right of the employer who retains the right of access, the law may hold the employer answerable for negligence in the performance of the work.

*Woodman* v. *Metropolitan Railroad*, 149 Mass. 335, was such a case, and the defendant was held liable for the act of an independent contractor hired by it to dig up and obstruct the streets for the purpose of laying down the track, upon the ground that the contract called for an obstruction to the highway which necessarily would be a nuisance unless properly guarded against.

The same principle is further illustrated in *Curtis* v. *Kiley*, 153 Mass. 123, and *Thompson* v. *Lowell, Lawrence, & Haverhill Street Railway*, 170 Mass. 577.

Again, if the contract calls for the construction of a nuisance upon the land of the employer, he may be held answerable for the consequences.  In *Gorham* v. *Gross*, 125 Mass. 232, the defendant had caused to be constructed by an independent contractor a party wall, half on the defendant's land and half upon adjoining land, and after it was completed and accepted it fell, causing damage to the property of the adjoining landowner. There was evidence that the fall of the wall was occasioned by negligence in its construction.  The court said that the wall as constructed was a nuisance "likely to do mischief," and held the defendant answerable for the damage caused by its fall.

To the same effect is *Cork* v. *Blossom*, 162 Mass. 330.

The instructions to the jury allowed them to find a verdict for the plaintiff, not upon the ground that the chimney was a nuisance "likely to do mischief," but upon the ground that the work of repair called for by the contract was necessarily a nuisance within the rule stated in *Woodman* v. *Metropolitan Railroad, ubi supra,* and other similar cases.

The work called for was the repair of chimneys.  At most the brick were to be taken off for a few feet and relaid.  The work

which was to be done was not such as would necessarily endanger persons in the street. It did not involve throwing the brick into the street, or causing or allowing them to fall so as to endanger persons travelling therein. It is plain that unless there was negligence in the actual handling of the brick, there could be no injury to the passing traveller. The case very much resembles *Pye* v. *Faxon*, 156 Mass. 471. The plaintiff in that case, being the tenant of a house, sued the owner of an adjoining lot for trespasses alleged to have been committed upon the plaintiff's estate by the defendant while engaged in constructing a large building on his lot. It appeared from the testimony that the wall next to the plaintiff's house was not built on the boundary line, but was several inches from it, and that the staging used in building it was placed upon the inside; that the brick when laid pressed out the mortar, which was then scraped off by the trowels of the masons, and some of it dropped upon the plaintiff's land, upon her rear windows, and upon the clothes hanging in her back yard. At the trial the presiding judge instructed the jury that if the dropping of the mortar was from the carelessness of the workman the defendant was not liable, but if it was something necessarily involved in the building of the wall, then he might be liable; and these instructions were held to be correct.

This is not a case where the work, even if properly done, creates a peril, unless guarded against, as in the cases relied upon by the plaintiff. The accident was caused by the act of the contractor in doing what it was not necessary for him to do, what he was not expected to do, and what he did not intend to do. If it had been necessary for him to topple the chimney over into the street, or to remove the bricks by letting them fall into it, or the contract had contemplated such action, the instructions would not have been objectionable; but as this was not necessary or intended, the work could not be classed as work which, if properly done, was ordinarily attended with danger to the public.

The negligence, if any, was in a mere detail of the work. The contract did not contemplate such negligence, and the negligent party is the only one to be held. The case is clearly distinguishable from *Woodman* v. *Metropolitan Railroad*, *ubi supra*, and others of a like character, and must be classed with *Conners* v. *Hennessey*, *ubi supra*, and others like it.

Smith's circular was properly excluded. His competency, even if it was material, was not in dispute, and the kind of staging he advertised to use was immaterial.*

The exclusion of the questions with reference to the prior ailments of the plaintiff was within the discretion of the court. The physician who had treated her for them testified that he did not think there was any reason to believe that they were in any way connected with her condition after the accident; and although, as stated by the counsel for the defendant, that might not be the opinion of another physician who was present at the suggestion of the defendant, to hear the evidence, and, although in accordance with experience in such matters very likely it would not be, still the court may have concluded that he could not assume this contradiction in the expert testimony until it actually occurred, and that upon the evidence before him he was justified in looking at the prior ailments as in no way connected with her condition at the trial, and therefore immaterial. It does not appear that in this there was error.

*Exceptions sustained.*

---

* Smith was asked by the defendants' counsel if he handed to the defendants, when the contract was made, a circular representing his business, his business qualifications, his experience, and his whole method of doing business as an expert chimney builder, including a cut of the staging used by him, and he said that he did. The circular was then offered by the defendants and excluded, on the objection of the plaintiff, and the defendants excepted.