ADELINE C. McGINLEY *vs.* THE EDISON ELECTRIC ILLUMINATING COMPANY OF BOSTON.

Suffolk.    March 13, 1924. — April 22, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, & CARROLL, JJ.

*Negligence*, Unguarded manhole in public way, Of independent contractor, Contributory.

At the trial of an action against an electric lighting company for personal injuries received by a girl nine years of age through falling into a manhole alleged negligently to have been left unguarded by the defendant, there was evidence tending to show that the defendant had made a contract with a cable company for the performance of certain work as to its underground cables, and that the cable company had sublet the contract to another corporation; that the manhole was being used by the subcontractor for the purpose of carrying on the work; that no person representing either the defendant or the cable company was present when the work was being done; that the plaintiff, while properly passing along the street, had stopped near the manhole to confer with a playmate; that there was no guard around the hole and no red flag there and that it had been in that condition for several days; that a man carrying ice in passing the plaintiff knocked water from the ice into her face, which caused her to start backward and fall into the hole. *Held*, that

(1) Upon the evidence, a finding was warranted that the action was within the exception to the rule that a person is not liable for negligence in the performance of work being done by him through an independent contractor over whom he has no control, since a finding was warranted that the performance of the work by the subcontractor for the cable company and the defendant necessarily would bring wrongful consequences to pass unless they were guarded against, and that the contract could not be performed except under the right of the defendant;

(2) A finding that the plaintiff was in the exercise of due care was warranted;

(3) A finding of negligence on the part of the subcontractor in fail-

ing adequately to protect travellers upon the highway from falling into the hole was warranted;

(4) The defendant was liable for such negligence of the subcontractor;

(5) A finding for the plaintiff was warranted.

TORT for personal injuries resulting from a fall into a manhole in Howard Street in that part of Boston called Roxbury, alleged negligently to have been left unguarded by the defendant. Writ dated January 31, 1921.

In the Superior Court, the action was tried before *J. F. Brown,* J. Material evidence is described in the opinion. A verdict was entered for the defendant by order of the trial judge. The plaintiff alleged exceptions.

*J. F. Daly,* for the plaintiff.

*J. M. Morrison,* for the defendant, submitted a brief.

CROSBY, J. This action, brought by the mother and next friend of Adeline C. McGinley, is to recover for personal injuries received by her as a result of falling from the sidewalk into an unguarded manhole on Howard Street, in that part of the city of Boston known as Roxbury. The plaintiff, who was nine years old at the time of the accident, testified that in the afternoon of that day she left her home, on Magazine Street, with a child's cart to go to an ice house on Howard Street, where she had been before, to buy a piece of ice; that after obtaining the ice she started for her home and on the way met Grace Fitzpatrick, an acquaintance, who was then going to the ice house to make a similar purchase, and with whom she had a brief conversation. She further testi-fied that she had in her hand a wooden stick with strips of paper attached to it called a "shaker;" that a man took it from her and put it on a fire from "a thing there to melt the tar" and then threw the shaker across the street; that while she was watching it burn another man came along carrying a piece of ice in his hands and knocked the water off the top of the ice into her face; that "As the ice water went into her face she put her hands up to her face, took two steps backward and went down 'into the hole;'" that she didn't see the hole before she fell into it; that she went down about fifteen feet striking a man at the bottom. She also

testified that there was no guard around the hole, although she knew the hole was there; that she had noticed there was no guard around it for four or five days before the accident, and there was no red flag there; that before she fell she was on the sidewalk on Howard Street with her cart.

The work about the manhole where the accident occurred was being performed by employees of the James Sugden Company by arrangement with the Standard Underground Cable Company, which had a contract with the defendant dated August 31, 1920, to perform this work. The defendant was granted a general permit by the public works department of the city of Boston authorizing it " to temporarily occupy and use a portion of the public streets for the purpose of drawing and splicing cables;" the permit was dated December 16, 1919, and expired December 31, 1920; the accident occurred on September 3, 1920. A second permit, given to the defendant by the city authorities, dated April 10, 1920, called for completion by July 10, 1920, and hence is not applicable to the present case. The record shows that the cable company sublet the contract to the James Sugden Company with the permission of the defendant. No permit was ever applied for or obtained for doing this work by either the cable company or the Sugden company. The latter was paid by the cable company, but the purchasing agent of the defendant ordered the materials for the work and they were delivered to the Sugden company. No person representing either the defendant or the cable company was present when the work was done. A paper was produced by the manager of the cable company entitled " Customer's Formal Order," the customer being the defendant and the order relating to the work on Howard Street.

The question arises, whether the defendant can be held liable for the negligence of a subcontractor. As a general rule a person is liable for the negligence of his servants and agents engaged in his business; yet where one is employed under an entire contract for a stipulated sum and is not under the control of his employer, the relation is held to be that of contractor and contractee and not that of master

and servant, and the subcontractor alone is liable for acts of negligence in doing the work. It is well settled however that there are certain exceptions to the rule. For example: " If the performance of the work will necessarily bring wrongful consequences to pass unless guarded against, and if the contract cannot be performed except under the right of the employer who retains the right of access, the law may hold the employer answerable for negligence in the performance of the work." *Boomer* v. *Wilbur,* 176 Mass. 482, at page 484. *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335. In the present case the work to be done involved keeping the manholes open on the street for several hours for the purpose of drawing cables through the conduit or trench below the surface of the street; the uncovering of these manholes necessarily endangered the safety of travellers on the public street, unless precautions were taken to protect them. The contract could not be performed except under the right of the employer, as permits for the work were required, and were issued only to the defendant. The facts bring it fully within the rule where the work to be performed necessarily will cause injury to others unless precautions are taken to protect them from the consequences of such work, the employer is liable for the negligence of an independent contractor. *Woodman* v. *Metropolitan Railroad, supra. Curtis* v. *Kiley,* 153 Mass. 123. *Thompson* v. *Lowell, Lawrence, & Haverhill Street Railway,* 170 Mass. 577. *Boomer* v. *Wilbur, supra. Boucher* v. *New York, New Haven & Hartford Railroad,* 196 Mass. 355, 359, 360. *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91, 93. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221, 231, 232. *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569.

The questions of due care of the plaintiff and negligence of the Sugden company remain to be considered. Apart from G. L. c. 231, § 85, it was a question of fact whether the plaintiff was in the exercise of that degree of care reasonably to be expected of a girl of her age and intelligence. The testimony respecting what occurred before the accident was conflicting; the defendant offered evidence tending to show that for some time before the plaintiff fell into the hole she had

been playing in that vicinity; this was denied by her and by the Fitzpatrick girl. It could have been found that at the time of the accident she was a traveller on the street and that she was not lacking in due care as matter of law if, when the ice water was thrown in her face, she stepped backward and fell into the manhole.

As to negligence of the Sugden Company: Since the defendant is responsible for the negligence of the Sugden Company, if there were any, the jury could have found from the testimony of the plaintiff and the Fitzpatrick girl that the manhole was without a guard around it, and had remained in that condition for several days before the accident; such a finding would justify a finding that the Sugden Company was negligent in failing adequately to protect travellers upon the street from falling into it.  *Hendricken* v. *Meadows,* 154 Mass. 599.  *French* v. *Boston Coal Co.* 195 Mass. 334. *Wakefield* v. *Boston Coal Co.* 197 Mass. 527.  *Gillis* v. *Cambridge Gas Light Co.* 202 Mass. 222.  *Simpson* v. *Phillipsdale Paper Mill Co.* 227 Mass. 430.  *O'Neil* v. *National Oil Co.* 231 Mass. 20.

As a verdict could not rightly have been directed for the defendant, the exceptions must be sustained.

*So ordered.*