Sanborn, J.
This is an action of tort for damage to a crop of lettuce. The defendant denied liability.
There was evidence that the plaintiff and the defendant owned adjacent farms; that the defendant had a large tree on her farm near a stone wall which divided the two properties, a large part of which tree overhung the plaintiff’s premises; that the plaintiff had a crop of lettuce growing on his land near said tree; that the three was sprayed with arsenate of lead, a poison, and some of the spray came over to the plaintiff’s premises and upon the lettuce, rendering it unmerchantable; that the spraying was done by the Bartlett Tree Company, under a contract with the defendant; that the Bartlett Tree Company had satisfactorily done much spraying for the defendant and others in the neighborhood over a period of years; that the plaintiff objected to the spraying before the tree was sprayed, stating that his lettuce would be damaged, and that the defendant told the men who were doing the spraying to go ahead and spray the tree; that she, the defendant watched them do the work.
*52 The Court found the work was not done by an agent or servant of the defendant, and made a finding for the plaintiff.
The only question of law here presented arises from a denial of the defendant’s request numbered 3. “3. If the defendant used reasonable care to employ an efficient contractor to spray her trees, then she is not liable for any damage caused by said contractor doing said work.”
The general rule is that one who employs an independent contractor to do certain work, is not liable for the negligence of the contractor or his employees in the performance of that contract if due care has been shown by the employer in the selection of his contractor. This rule of law, however, has been many times held not to apply where the work to be done in the performance of a contract, from its nature “necessarily will bring wrongful consequences to pass unless guarded against”, and one having such work done without taking proper precautions which results in injury to a third person, is not exonerated from liability because of the fact the work was done by independent contractor. Lowell vs. Boston & Lowell R. R. Corp., 23 Pick. 24, Gorham vs. Gross, 125 Mass. 232, Stewart vs. Putnam, 127 Mass. 403, Woodman vs. Metropolitan R. R. Co., 149 Mass. 335, Sturges vs. Theological Educational Soc., 130 Mass. 414, Pye vs. Faxon, 156 Mass. 471, O’Driscoll vs. Faxon, 156 Mass, 527, Wetherbee vs. Partridge, 175 Mass. 185, Boomer vs. Wilbur, 176 Mass. 482, Mintz vs. White, 269 Mass. 218, Levesque vs. Hildreth & Rogers Co., 276 Mass. 429, McConnon vs. Hodgate Co., 282 Mass. 584, Herrick vs. Springfield, 288 Mass. 212.
In the instant case, there was evidence to warrant the finding that the work was done on the defendant’s land over which she had control, that it was for her benefit and was done under her authority and by her direction, and although *53 that work under the circumstances was. álmost certain to result in injury to the plaintiff’s crop of lettuce unless properly guarded against, and that fact was called to the defendant’s attention, she nevertheless ordered the work to proceed and did not take adequate measures to prevent injury to the plaintiff.
Under the established doctrine of the cases above cited, the defendant’s failure to use proper precautions to guard against injury to the plaintiff’s property, renders her liable, and it is immaterial that the work was done by an independent contractor.
There was no error in the denial of the defendant’s third request. Report dismissed.