CAMILLO BRANDOLINO *vs.* JAMES A. CARRIG.

Middlesex.    October 6, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Trespass. Real Property*, Trespass, Independent contractor. *Agency*, Independent contractor.

A landowner was liable to an adjoining owner for trespass if, preparatory to the construction of a building on his own land, there was an excavation encroaching upon the adjoining land and dirt was piled thereon, even though the work was done by an independent contractor who was instructed by him to build no closer than seven feet to the adjoining land.

TORT. Writ in the Second District Court of Eastern Middlesex dated September 13, 1940.

Upon a report to the Appellate Division for the Northern District by *Duane*, J., who found for the plaintiff, the report was ordered dismissed, and the defendant appealed.

*A. I. Fine*, for the defendant.

No argument nor brief for the plaintiff.

QUA, J. This action is for trespass in excavating the plaintiff's land and piling dirt upon it. The only question reported is whether the trial judge should have ruled as matter of law that the plaintiff was not entitled to recover.

There was evidence tending to show that the parties were the owners of adjoining lots of land in Belmont; that the defendant entered into a written contract with "a contractor" by which the latter was to construct a group of houses, one of which was to be on the defendant's lot adjoining land of the plaintiff; that the cellar for this house was to be dug and the house was to be built no closer than seven feet from the line; that "the defendant did not give the contractor any instructions as to how to dig and had no control over him"; that the defendant "didn't believe he told the contractor where the plaintiff's land line . . . was"; that the excavation when dug extended as much as

two feet into the plaintiff's land and dirt was piled upon the plaintiff's land; and that the defendant, after an unsuccessful effort to get the contractor to "correct the condition caused by the excavation," did so himself. The defendant contends that he is not liable for the acts of an independent contractor.

We need not determine whether the evidence as matter of law compelled a finding that the trespass was the unauthorized act of an independent contractor, since the defendant would be liable to an adjoining landowner for the trespass of even an independent contractor in locating the building upon the plaintiff's land. This aspect of the case is fully covered by *Kershishian* v. *Johnson*, 210 Mass. 135, where, at page 138, this court said, "A landowner who undertakes the erection of a building cannot excuse himself for trespass upon adjoining property by showing that he gave over the location of the building wholly to his builder with only a general direction to keep inside his boundary line. Responsibility in this respect cannot be shifted to a contractor. The location of a building is in its essence as to adjoining landowners the work of a proprietor, and whoever is empowered to do it, whether by contract or employment, is for this purpose the representative of the proprietor, by whose conduct the latter is bound, and for whom he is responsible." See *Gorham* v. *Gross*, 125 Mass. 232; *Sturges* v. *Theological Education Society*, 130 Mass. 414; *Woodman* v. *Metropolitan Railroad*, 149 Mass. 335, 340; *Pye* v. *Faxon*, 156 Mass. 471; *Cabot* v. *Kingman*, 166 Mass. 403, 406; and *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221, 231, 232. Compare *Hilliard* v. *Richardson*, 3 Gray, 349; *Conners* v. *Hennessey*, 112 Mass. 96; *Harding* v. *Boston*, 163 Mass. 14; *Boomer* v. *Wilbur*, 176 Mass. 482; *Lappen* v. *Chaplik*, 285 Mass. 65, and *Kunan* v. *De Matteo*, 308 Mass. 427.

It follows that the requested ruling could not have been given.          *Order dismissing report affirmed.*