CHARLES F. CARTER *vs.* J. H. LOCKEY PIANO CASE COMPANY.

Worcester.    October 3, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Operation of Elevator — Negligence of Fellow Servant.*

An action for personal injuries, alleged to have been caused by the unsafe and dangerous condition of an elevator due to the fact that the rising or lifting belt was loose and failed to cause the elevator to rise when it should have done so, cannot be maintained, if the accident was due to the operator of the elevator, who was a fellow workman of the plaintiff, in not using the stopping cable or the clamp, and not in any proper sense to the looseness of the belt.

TORT, for personal injuries. Trial in the Superior Court, before *Maynard*, J., who directed the jury to return a verdict

---

for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*C. F. Baker,* (*W. P. Hall* with him,) for the plaintiff.

*H. Parker,* for the defendant.

MORTON, J. This is an action to recover for injuries sustained by the plaintiff while engaged in taking a loaded truck from an elevator in the defendant's factory. The declaration is at common law for allowing the elevator to be in an unsafe and dangerous condition. The defect complained of is that the rising or lifting belt was loose and failed to cause the elevator to rise when it should have done so. The testimony showed that the elevator was operated by three ropes or cables; one for raising it, one for lowering it, and one for stopping it. There was also a clamp or device which, when used, held the elevator so that it could not move. At the time of the accident the plaintiff and one Greenlaw were engaged in taking a truck loaded with sticks of wood from the street floor to the basement. Greenlaw was operating the elevator. When they reached the basement the elevator went a little below the level of the floor. Greenlaw raised and lowered it twice in the effort to get it level with the floor, and the third time it would not lift and stood still. Thereupon the plaintiff said it was level on the other side and they would take the truck off that way. As they took the truck off, the elevator started up and tipped over the load on to the plaintiff, causing the injury complained of. " At the time of the accident, Greenlaw pulled with his left hand and the elevator stopped instantly."

Assuming that the belt on the lifting pulley was loose, we do not see what that had to do with the accident. When the elevator stopped, the belt was on the lifting pulley. Greenlaw left it there and trusted to the elevator remaining stationary, instead of pulling the stopping rope or cable, as it is evident that he did an instant later when the accident happened and the elevator instantly stopped, or instead of using the clamp which would have held the elevator so that it could not move. The accident was due to Greenlaw's negligence in not using the stopping cable or the clamp, and not in any proper sense to the looseness of the lifting belt. If the looseness of the belt can be said to have had anything to do with the accident, it was too remote to be considered.          *Exceptions overruled.*