HELEN REGAN *vs.* SUPERB THEATRE, INCORPORATED.
JAMES C. REGAN *vs.* SAME.

Suffolk.    January 21, 1915. — February 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Staging over highway in front of theatre, Independent contractor. *Agency.*

Where the proprietor of a theatre made a contract with a painter for the painting of ornamental work over the entrance to the theatre and the contract provided that the painter should furnish and erect the staging necessary for the work, and where a temporary and movable staging, built and entirely controlled by the painter and made of trestles with boards laid across between them but not fastened, was used by the painter for the work and, at a time when the sidewalk was crowded and about fifteen minutes after the workmen of the painter had left the staging unwatched and unguarded, it was tipped over, apparently by a gust of wind, and fell upon one who was entering the theatre, the proprietor of the theatre is not liable for the personal injuries so received.

PIERCE, J. These are two actions tried together in the Superior Court. The first is brought to recover for personal injuries received by the plaintiff Helen Regan from the upsetting or tipping over of a staging erected by the employees of the Keighley Metal Ceiling and Roofing Company, an independent contractor, for use by them in connection with the painting of a marquee over the entrance to the defendant theatre. At the time of its tipping over it stood on the sidewalk, parallel to the entrance to the theatre and somewhat nearer to the entrance than to the curbstone. The men who worked upon it had left it ten or fifteen minutes before, unwatched and unguarded.

The plaintiff left her home on the afternoon of February 28, 1912, to see the show at the Superb Theatre. She passed by the side of the staging, arrived in front of the entrance and was about to enter, when the staging, seemingly lifted by a gust of wind, tipped over upon her and threw her into the corner of the doorway. The staging was built of two trestles, each eight or nine feet high, standing eight or nine feet apart, connected by one or two boards or planks nine inches wide and one and a half or two inches thick, and not at either end fastened to the trestles. The ends of the boards or planks rested upon the second rung from the top of the trestles, and the horizontal line of the plank was about seven feet above the sidewalk. The staging could be moved about as needed. It is not disputed that the staging was owned, built and entirely controlled by a contractor who undertook in a contract with the defendant to paint the marquee and to furnish and erect the staging necessary for his own men.

In the furnishing and erection of this staging the defendant had no part. In the painting it was interested only to see that the contract was performed in accordance with its terms. There was no occasion to anticipate that injurious consequences necessarily might follow from the placing and use on the sidewalk of a staging adequate for the work expected or required to be done by men who were to paint the marquee which was to be placed over the entrance to the theatre building. In fact no harm came from the form of the structure, from the manner of its use, or from the careless acts of men in the execution of work while upon it. No one could foresee that the men would leave the staging unwatched

and unguarded in the middle of a crowded sidewalk for more than a momentary period of time.

This case in principle is governed by *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 92, and does not fall into the class represented by *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335, or into that of *Frost* v. *McCarthy,* 200 Mass. 445. There was no liability on the part of the defendant, and the verdict for the defendant was rightly ordered.

The single exception to the admission of testimony was not argued, and we treat it as waived.

In the second case the father of the plaintiff in the first action seeks to recover for medical expenses and loss of services. His right is dependent upon the right of his daughter. *Lundergan* v. *New York Central & Hudson River Railroad,* 203 Mass. 460. *Gardner* v. *Boston Elevated Railway,* 204 Mass. 213, 218.

*Exceptions overruled.*

*T. J. Ahern,* for the plaintiffs.
*F. P. Garland,* for the defendant.