HELEN A. PICKETT *vs.* WALDORF SYSTEM, INC.

Middlesex.     October 18, 1921. — June 26, 1922.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Independent contractor, Of one in control of real estate. *Way,* Public: injury from ice. *Snow and Ice.*

The owner or occupant of a building, who has used due care in selecting and agreeing with an independent contractor to do lawful work, is not responsible to third persons for the negligence of such contractor or his servants in the performance of the contract, unless from the very nature of the work a nuisance will be created or wrongful consequences be brought to pass if not guarded against.

If the owner of a building by an independent contract engages one to wash the windows of the building, exercises no direction or control over him and has no right to command him to do or to refrain from doing any act in the performance of the contract and there is no negligence on the part of the owner in making the contract, he cannot be held liable for injuries resulting to a traveller upon an adjacent highway from a fall upon ice caused to be formed upon the highway by negligence of the window washer.

TORT for damages alleged to have been caused by a fall upon ice upon premises in control of the defendant. Writ dated March 11, 1920.

In the Superior Court, the action was tried before *Aiken,* C. J. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a

verdict for the plaintiff in the sum of $2,654; and the defendant alleged exceptions.-

A. B. *Carey,* for the defendant.

H. M. *Bridey,* for the plaintiff.

RUGG, C.J.    This is an action of tort wherein the plaintiff seeks to recover compensation for injuries sustained by her by slipping upon ice on a public sidewalk adjacent to a building or part of building occupied by the defendant.

The defendant was not liable to the plaintiff if the ice on which she slipped formed from natural causes. *Sanborn* v. *McKeagney,* 229 Mass. 300, and cases there cited. *Hart* v. *Wright,* 235 Mass. 243. *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183. The jury were so instructed.

There was evidence tending to show that the ice in question formed by the freezing of water used in washing the outside of windows in the defendant's premises by an employee of the City Window Cleaning Company, with whom the defendant had agreed by an independent contract to wash its windows every day except Sundays and holidays. The defendant did not pay the employee of the City Window Cleaning Company. It exercised no direction or control over him. It had no right to command him to do or to refrain from doing any act in the performance of the contract. He did his work in his own way or as instructed by his employer. The question to be decided is whether the defendant is liable for the negligence of the employee of the City Window Cleaning Company in causing water to accumulate on the sidewalk and permitting it to become ice there by reason of cold weather.

The governing principle of law is well settled. The owner or occupant of a building who has used due care in selecting and agreeing with an independent contractor to do lawful work, is not responsible to third persons for the negligence of such contractor or his servants in the performance of the contract, unless the nature of the work is such that a nuisance will be created or wrongful consequences be brought to pass unless guarded against. *Hilliard* v. *Richardson,* 3 Gray, 349. *Page* v. *Faxon,* 156 Mass. 471. *Boomer* v. *Wilbur,* 176 Mass. 482. *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91. *Regan* v. *Superb Theatre, Inc.* 220 Mass. 259. The reason for this rule is that liability is sought to be

fastened upon the defendant for negligence. Negligence is the performance or the omission of some act in violation of legal duty. *Bernabeo* v. *Kaulback,* 226 Mass. 128. The defendant did not by itself or its servants or agents do the act of which the plaintiff complains. There was no negligence on the part of the defendant in making a contract with the City Window Cleaning Company to wash its windows regularly. The defendant had no power to enjoin or to restrain the methods to be used in executing the contract. The contract was such that if carefully and properly performed no harm would result to anybody. It was not a natural consequence of cleaning windows that there should be ice on the adjacent sidewalk. The negligence which caused the plaintiff's injury was a mere detail of the work not contemplated by rational parties as an incident of the contract. The facts do not warrant the finding of negligence on the part of the defendant. The case at bar is distinguishable from *Gorham* v. *Gross,* 125 Mass. 232, *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335, *Curtis* v. *Kiley,* 153 Mass. 123, *Robbins* v. *Atkins,* 168 Mass. 45, *Rockport* v. *Rockport Granite Co.* 177 Mass. 246, and cases of that class.

The case appears to have been fully and fairly tried with an intelligent appreciation by counsel of the real issues involved, and its merits on the report of the evidence and charge seem plain. Therefore, since the request for a directed verdict in favor of the defendant should have been granted, the exceptions are sustained and judgment is entered for the defendant under G. L. c. 231, § 122.

*So ordered.*