Anna McCarthy vs. Waldorf System, Incorporated.

Suffolk.   January 21, 1925. — February 26, 1925.

Present: Rugg, C.J., Braley, Crosby, Carroll, & Wait, JJ.

*Negligence*, Unguarded sidewalk elevator, Independent contractor.

At the trial of an action by a traveller on a public way against one in control of an adjacent building for personal injuries received when the plaintiff was thrown by the rising of an unguarded covering of an elevator in the sidewalk, it appeared that neither the covering, the elevator, nor the sidewalk were defective; that the elevator was installed under a permit from, and was approved on inspection by, public authorities; that guard rails were supplied by the defendant for use when the elevator was raised; and that, when the plaintiff was injured, the elevator was being used and the covering raised, without putting up the guard rails, by an employee of a third party who was making a delivery of merchandise to a tenant of the building.   A motion for a verdict for the defendant was denied, and there was a verdict for the plaintiff.   *Held*, that

(1) The person operating the elevator not being a servant or agent or in any way subject to the control of the defendant, the defendant was not responsible for his conduct;

(2) There is nothing in the elevator regulations of the Commonwealth, requiring that the opening of a sidewalk type elevator be protected by guards not less than eighteen inches high before the elevator has started, which imposed liability upon the defendant for the plaintiff's accident;

(3) A verdict for the defendant should have been ordered.

(4) Judgment for the defendant was ordered.

Tort for personal injuries received by the plaintiff, a traveller on Atlantic Avenue in Boston, when an unguarded covering of an elevator in the sidewalk was opened and she was thrown down thereby.   Writ dated March 9, 1922.

In the Superior Court, the action was tried before *Macleod*, J.   Material evidence is described in the opinion.   At the close of the evidence, a motion for a verdict for the defendant was denied.   The jury found for the plaintiff in the sum of $1,200.   The defendant alleged exceptions.

*J. M. Morrison*, for the defendant.

*T. F. J. Callahan*, for the plaintiff.

CARROLL, J.   The plaintiff was injured October 25, 1921, on the sidewalk in front of No. 645 Atlantic Avenue, Boston, by reason of the rising of an unguarded freight elevator operated by a driver employed by A. C. Bullerwell Company. The defendant was the lessee of the premises No. 645 Atlantic Avenue, and sublet the entire building to various tenants. The Joy King Chinese Restaurant, one of the tenants, on the day in question ordered food supplies from the Bullerwell Company; and, in making the deliveries, the driver of that company, one Tarr, used the elevator without putting up the guard rails.   The plaintiff, while walking on the sidewalk adjacent to No. 645 Atlantic Avenue, and in the exercise of due care, stepped on the covering of the elevator. The rising elevator threw her to the ground, causing the injury complained of.   The covering was eight feet long, four and one half feet wide, and made of steel; it divided in the center, forming two doors which opened up and out on hinges as the elevator ascended.   This covering is flush with the sidewalk when not raised.   It was admitted that there was no defect in the sidewalk, the elevator, or covering.   The elevator had been installed by the defendant, the permit therefor having been issued by the city of Boston at a time prior to the plaintiff's accident.   There was evidence that after its installation, it was inspected and found to be satisfactory to the building department of the city.   Guard rails of steel pipe about four feet high and four feet wide had been supplied, and were kept in the cellar alongside the elevator. Tarr testified that previous to the date of the accident, in making deliveries to the Joy King Chinese restaurant, he had placed the guard rails in position at the sidewalk.   At the close of the evidence the defendant moved for a directed verdict; the motion was denied and the defendant excepted. A verdict was returned for the plaintiff.

Assuming there was evidence of the negligence of Tarr in operating the elevator, he was not the servant or agent of the defendant.   He was acting for his employer and was delivering supplies to a tenant of the defendant.   The defendant exercised no control over the operator.   It was not responsible for his conduct in the management and

operation of the elevator. Nothing was done, or omitted to be done, by the defendant, by which it could be charged with negligence. *McGinley* v. *Edison Electric Illuminating Co.* 248 Mass. 583, *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335, and similar cases, where the owner contracts for the use of his property, or the creation of a condition thereon, which use or condition necessarily causes danger to others unless precautions are taken to protect them, have no application to the facts in the case before us. There was no defect in the elevator in question, guard rails had been supplied, and it could have been operated without danger to others.

Even if an independent contractor is hired by the owner of the premises to do lawful work upon them, the owner is not responsible merely because of the relation. He is not responsible for the negligence of a contractor, or his servant, unless the nature of his work is such that a nuisance will be created, or injurious consequences result, if not guarded against. No nuisance was created by the building of the elevator. It could be operated in safety, with ordinary precautions. Tarr and the Bullerwell Company were not employed by the defendant, and had entered into no contractual relations with it. The defendant was in no way responsible for the plaintiff's injury. *Boomer* v. *Wilbur,* 176 Mass. 482. *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91. *Regan* v. *Superb Theatre, Inc.* 220 Mass. 259. *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569.

There is nothing in the elevator regulations of the Commonwealth requiring that the opening of a sidewalk type elevator be protected by guards not less than eighteen inches high before the elevator has started which imposed liability upon the defendant for the plaintiff's accident.

The defendant's motion for a directed verdict should have been granted. Its exceptions are sustained, and judgment is to be entered for the defendant.

*So ordered.*