LEIGHTON D. FOX *vs.* ANTONIO PALLOTTA.

EVERETT B. FOX *vs.* SAME.

Middlesex.	December 8, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Agency,* Existence of relation, Independent contractor. *Motor Vehicle,* Weight, Operation. *Nuisance.*

There was evidence, at the trial of an action of tort for personal injuries sustained as a result of negligence in the operation of a motor truck, that one, who was owner and operator of the truck, had agreed with the defendant to transport stone, at a certain price per ton, from the defendant's ledge and stone crusher in a town to another town where the defendant was building a road; that the operator so was engaged at the time of the plaintiff's injuries; that the truck was loaded sometimes by the operator, sometimes by him with the aid of the defendant's employees and sometimes by those employees alone; that the defendant's foreman gave directions where to dump the stone on the road; that the loads were weighed at the place of loading by a weigher of the Commonwealth, a record thereof being kept for the defendant by his daughter; that, sometimes, in the absence of the weigher, the daughter weighed the loads for him; that she weighed the load on the truck at the time of the injury to the plaintiff; and that that load exceeded the weight allowed for that truck by the rules of the division of highways and the commissioner of public works. There was no evidence of any agreement between the defendant and the operator of the truck as to who should load it or as to the weight of the loads, nor any evidence to show who put on the load in question, nor that the defendant was present when that load was put on, nor that he knew its weight before the injury, nor that he or his agents gave any directions as to the quantity of stone to be carried, nor that the truck had been overloaded previously. *Held,* that

(1) A finding was not warranted that the operation of the truck on the way was within the control of the defendant so as to constitute the operator an agent of the defendant in that respect: a finding was required that the operator was an independent contractor with respect to the operation of the truck;

(2) Assuming that the plaintiff's injuries resulted from overloading the truck, or that the overloaded truck constituted a nuisance on the way, the evidence did not warrant a finding that the truck was loaded by the defendant or his agents, or that he directed or permitted it to be overloaded or that he contributed to the creation of such nuisance;

(3) There was nothing to indicate that the defendant was negligent in selecting the operator or to show that his work was of such a nature as to require special precautions by the defendant to guard against injurious consequences of its performance by an independent contractor.

Two ACTIONS OF TORT. Writs dated October 20, 1926.

The actions were tried in the Superior Court before *Greenhalge*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*J. H. Gilbride,* for the plaintiffs.

*F. M. Qua,* for the defendant.

FIELD, J. These are actions of tort. One was brought by Everett B. Fox to recover damages for personal injuries sustained by him and for the destruction of his motor truck, and to recover expenses incurred by him for nursing, care and medical attention furnished his minor son, Leighton D. Fox. The other action was brought by the minor son by his next friend to recover damages for his personal injuries. The evidence was conflicting, but it could have been found that a motor truck, owned and operated by the adult plaintiff, in which the minor plaintiff was sitting, was struck by a motor truck, owned and operated by one Beraldi; that as a result both plaintiffs sustained personal injuries, the adult plaintiff's motor truck was destroyed, and the adult plaintiff was put to expense for nursing, care and medical attention for the minor plaintiff; that the accident was caused by the negligence of Beraldi, and that both plaintiffs were in the exercise of due care. In each case a verdict was directed for the defendant, and the plaintiff excepted.

The plaintiffs contend that it was error to direct verdicts for the defendant since the jury could have found (a) that Beraldi was the defendant's agent acting within the scope of his authority, or (b) that the defendant "by direction or permission caused the motor truck of Beraldi to be overloaded and sent out upon the highway under such circumstances as to constitute a nuisance and a trespasser upon the highway," or (c) that, even if Beraldi was an

independent contractor ·and his truck " not a trespasser and a nuisance on the highway," it " was overloaded in violation of law by the defendant or his agents," as the defendant knew or should have known, and such overloading was a contributing cause of the accident.

The evidence tended to show that the defendant, under contract with the Commonwealth, was engaged in building a State road in Westford, for which he was to be paid " by the ton," that " his ledge and stone crusher . . . [were] on property owned by him in Dracut," that he orally hired Beraldi with his truck to transport stone from Dracut to Westford at the rate of seventy-five cents a ton and that Beraldi was so engaged at the time of the accident. There was no evidence of any express agreement between the defendant and Beraldi as to who was to load the truck or the weight of the loads to be carried. There was testimony that sometimes Beraldi loaded the truck, sometimes he was aided by the defendant's employees and sometimes these employees did the loading, and that when the truck arrived at Westford the defendant's foreman gave directions where to dump the stone. There was no evidence as to who had loaded the truck immediately before the accident. There was testimony that it was the practice when the truck was loaded to weigh it on the defendant's scales at Dracut, a representative of the Commonwealth doing the weighing and keeping a record of the weight, and the defendant's daughter also keeping such a record for her father and sometimes in the absence of the Commonwealth's weigher weighing a load for his convenience and at his request. On direct examination the defendant testified that his daughter weighed the loads and kept track of them for him but, on cross-examination, that she " only weighed loads before the State weigher arrived in the morning, and would tell the loads to the State weigher." There was evidence that she had weighed the load which was on the truck at the time of the accident and told Beraldi its weight, that the load weighed nineteen thousand pounds and the truck fourteen thousand fifty, a total of thirty-three thousand fifty pounds, and

that the truck was registered for a maximum aggregate weight and carrying capacity of twenty-eight thousand pounds. It appeared that two loads had been carried previously on the day of the accident, each of which had a maximum aggregate weight of truck and load in excess of twenty-eight thousand pounds. Certified copies of rules purporting to have been adopted by the division of highways under authority of § 31A, added to G. L. c. 90 by St. 1924, c. 457, prohibiting the operation on a public way of a motor vehicle carrying personal property " when the weight of the load exceeds the carrying capacity for which such vehicle is registered, except . . . under authority of a permit issued under section 30 of chapter 85 of the General Laws, as amended," and rules purporting to have been adopted by the commissioner of public works under authority of G. L. c. 90, § 33, as amended by St. 1925, c. 342, § 1 (see now St. 1928, c. 316, § 5), providing that the " maximum weight and maximum carrying capacity " of " motor vehicles . . . used for the transportation of goods, wares or merchandise " " shall not exceed 28,000 pounds " were introduced in evidence. Beraldi testified that " he had no permit to operate his truck other than his certificate of registration."

The trial judge was right. The evidence did not warrant a finding that, at the time of the accident, Beraldi was the agent — or servant or employee — of the defendant in operating the truck, so that the defendant was responsible for his negligence. Such agency — or employment — was not shown by evidence that Beraldi, by agreement with the defendant, was operating his own truck and transporting stone for the defendant from the ledge and stone crusher in Dracut to the State road in Westford, at a fixed price per ton, without further evidence of actual control or right of control of Beraldi by the defendant. This evidence leaves Beraldi in the position of an independent contractor, who undertook to accomplish a given result by the use of his own property under his own control. *Centrello's Case,* 232 Mass. 456, 457. *Winslow's Case,* 232 Mass. 458. *Eckert's Case,* 233 Mass. 577. *Gal-*

*lagher's Case,* 240 Mass. 455.  *Neelon* v. *Hirsh & Renner, Inc.* 255 Mass. 285, 291, and cases cited.  The evidence that the truck was loaded sometimes by Beraldi, sometimes by him with the help of the defendant's employees (*Gallagher's Case, supra,* see also *Winslow's Case, supra*), and sometimes by them (*Centrello's Case, supra, Eckert's Case, supra*) did not tend to show that the operation of the truck on the highway was under the control of the defendant.  Nor did the evidence that the defendant's foreman directed Beraldi where to dump the stone (*Centrello's Case, supra,* see also *Peach* v. *Bruno,* 224 Mass. 447), nor the evidence that a record of the weights of the loads was kept for the defendant by his daughter, who sometimes did the weighing, so tend.  Unlike the case of *Marsh* v. *Beraldi,* 260 Mass. 225, 231, only one conclusion could be drawn from the evidence.

Furthermore, even if it could have been found that the plaintiff's injuries resulted from overloading Beraldi's truck it would not follow that the defendant was liable therefor, since the evidence did not warrant a finding that he was responsible for such overloading.  It could not have been found that, by the agreement between Beraldi and the defendant, the defendant was bound to provide for loading the truck, or that, on the occasion in question, the truck actually was loaded partly or wholly by the defendant's employees or by Beraldi, acting as the agent or servant of the defendant.  There was no basis for an inference that the defendant's daughter had any authority to act for him in connection with loading or dispatching the truck, beyond weighing the loads and recording the weights, so that by weighing the load in question she consented in behalf of the defendant to its excessive weight.  It did not appear that he was present when this load was put upon the truck or knew its weight before the accident or that he or any of his agents or servants gave any direction or made any request as to the quantity of stone to be carried on any load.  There was no evidence that the truck ever had been overloaded before the day of the accident or that the defendant knew or ought to have known be-

fore the accident that either of the loads previously carried on that day exceeded, with the weight of the truck, twenty-eight thousand pounds in weight. In this state of the evidence, it could not have been found that the truck was loaded by the defendant, his agents or servants, that he directed or permitted it to be overloaded nor, if it is assumed that the truck, being overloaded, was a nuisance on the highway, that the defendant contributed to the creation of such nuisance. See *Gould* v. *Elder,* 219 Mass. 396, 398; *Pierce* v. *Hutchinson,* 241 Mass. 557, 564; *McDonald* v. *Dundon,* 242 Mass. 229, 232, 233; *Fulton* v. *Stahl,* 271 Mass. 23, 26.

There is nothing in the case to indicate that the defendant was negligent in selecting Beraldi to do the work or to show that its nature was such as to require special precautions by the defendant to guard against injurious consequences of its performance by an independent contractor. See *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 570, and cases cited; *McCarthy* v. *Waldorf System, Inc.* 251 Mass. 437, 439; *Mintz* v. *White,* 269 Mass. 218, 221. *Wetherbee* v. *Partridge,* 175 Mass. 185, relied on by the plaintiff is distinguishable. See also *McGinley* v. *Edison Electric Illuminating Co. of Boston,* 248 Mass. 583, 586, and cases cited.

<div align="right">

*Exceptions overruled.*