THOMAS McCONNON *vs.* CHARLES H. HODGATE COMPANY.

Bristol.    October 24, 1932. — April 17, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence,* Blasting, Independent contractor.

One under contract with the owner of certain premises to erect a building thereon was held liable in an action of tort brought by a third person who sustained personal injuries caused by negligence on the part of employees of an independent subcontractor engaged by the defendant to conduct blasting operations upon the premises, even though the defendant used reasonable care in selecting the subcontractor.

TORT. Writ dated July 24, 1929.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for

the plaintiff in the sum of $7,000. The defendant alleged exceptions.

*W. S. Downey,* (*F. Vera* with him,) for the defendant.

*T. F. O'Brien,* (*G. P. Ponte* with him,) for the plaintiff.

WAIT, J. The defendant excepts to the denial of its motion to direct a verdict in its favor, to the refusal to give certain instructions with reference to the liability of an independent general contractor for negligent injury due primarily to the fault of a subcontractor, and to portions of a charge dealing with such liability. There was contradictory evidence from which a jury justifiably could find that at the moment of the accident the employees at fault were in the immediate employ of the defendant under the control of its superintendent. The judge could not determine this question of fact. Whatever might be the law applicable to an independent contractor where his own employees were not concerned, there was a possible liability if, in fact, the negligent persons were in the defendant's employ. The plaintiff while at work in a cellar on the westerly side of a public way in a city was struck and injured by a log hurled against him by a blast discharged in a cellar upon the easterly side of the street. The defendant was under contract with the owner of the premises on the easterly side of the street to erect a building thereon; and, in the course of the work, to excavate the cellar to a certain grade. It let out the work of such excavation to Flavien Cote, who, by written contract, undertook "to furnish all labor and material and all tools, drills and necessary steam or compressor power, and all teaming and trucking, all dynamite, blacksmith work, and all personal supervision for the blasting and removing from the premises all the rock and ledge in the basement of the site . . ." for a round sum of $2,200. There was evidence that Cote was an experienced man of good repute in the work, and that the blasting was entirely controlled by him; but there, also, was evidence that a day or so before the accident he had finished work under the contract, had been paid more than $2,200, and had returned to the work under an oral employment to complete excavation which had been left undone. Cote did not deny that he made all the preparation

for the blast with men who had been employed by him while at work under the written contract; but there was evidence that a superintendent employed by the defendant had questioned whether the intended blast was sufficiently covered, and that Cote had placed additional logs over the dynamite after the superintendent's suggestion; and Cote testified that the men, formerly employed by him and at the moment under his orders, were being employed and paid by the defendant.

The requests for instructions which the defendant contends were improperly refused in substance required the judge to instruct the jury (8) that the burden was on the plaintiff to show that the defendant was in control of the blasting operation; (9) that there was no evidence of such control; (10) that if the defendant's superintendent inspected Cote's work regularly and took reasonable precaution to see that Cote was carrying out his contract with all proper care then the defendant had satisfied its duty; (11) that the defendant, as general contractor, satisfied its duty by subcontracting for the entire blasting with an experienced blasting contractor, and if the jury found Cote to be such a contractor there was no liability; (12) that the defendant was not held to the same degree of care as an owner, but if it reasonably and carefully chose a competent contractor for the blasting, and had no control of the means used with only the ordinary right to come upon the premises to see that the work was being done according to the contract, and had exercised the right with ordinary care, it could not be held liable; and (13) that the presence of the superintendent for the purpose of inspecting and seeing that the contract was being complied with was no evidence of the exercise by the defendant of control over Cote. The exceptions to the charge were to language of the judge with reference to the defendant's liability which was opposed to the contentions embodied in these requests. It now argues the exceptions to the refusal to give, and to so much of the charge as contradicted, requests 11, 12 and 13.

The judge charged the jury that it was for them to say whether or not the danger from the operations was so great

as to require special or extra precaution to prevent injury,
and if, because of the particular situation and special cir-
cumstances in the performance of the contract, they were
satisfied that "it would bring necessarily wrongful conse-
quence to parties unless guarded against" and "if the con-
tract cannot be performed unless under the right of the
employer who retains the right of access to the premises,"
then the law required "the employer at his peril to see that
due care is used to prevent harm, whatever his contract
with those employees." He stated that this was an excep-
tion to the general rule that one who employs an inde-
pendent contractor to do work is not liable for negligence of
that contractor or his employees in doing the work. He
restated the exception: if the performance of the work
under the independent contractor is such that unless proper
precautions are taken it will necessarily cause injuries to
other persons, then the employer, the person who engages
this independent contractor, cannot relieve himself of his
responsibility — he must see that the work done by the
independent contractor is done in such a manner that it
will not injure or damage other persons or property. He
left to the jury to say, on all the evidence, whether this was
the kind of work being done here, work which unless proper
precautions were taken, would necessarily cause damage to
others, and if they found it was, and the damage resulted
from negligence on the part of the persons performing the
blasting operations, Cote or his employees, then, he in-
structed them, it makes no difference that he was working
under a written contract. Yet again he stated: "It is an
exception to the general rule, the general rule being that
where a person employs an independent contractor to do
some work for him and that independent contractor is neg-
ligent, the person who employs him is not liable, provided
he has used proper care in the selection of the independent
contractor. But if the work is dangerous in character and
it will necessarily cause injury to other persons or property
unless properly guarded against, if the work is of that
character, then the fact that it is done by an independent
contractor will not absolve the person who employs the

independent contractor from the negligence of the independent contractor."

In this he was instructing in substantial accordance with the principles laid down in *Woodman* v. *Metropolitan Railroad*, 149 Mass. 335, and *Wetherbee* v. *Partridge*, 175 Mass. 185, cases which have been many times cited in our decisions, always without question even where distinctions have been pointed out which made them inapplicable in the matter there being dealt with. A number of these decisions are referred to in *Levesque* v. *Hildreth & Rogers Co.* 276 Mass. 429, at page 434, where the rule is stated at length in a quotation from *Curtis* v. *Kiley*, 153 Mass. 123. In both the *Curtis* and the *Levesque* cases the defendants were owners of the premises where the accident occurred. The defendant contends that the rule does not apply to independent contractors employed by any one not an owner of the premises where the work is to be done or by one upon whom by statute or common law an antecedent duty to see that care be used has been placed and who cannot delegate it. This contention disregards the essential point on which the exception to the rule of nonliability for acts of an independent contractor is based. The liability does not rest on the principle of *respondeat superior*, which holds an employer for the negligence of his servants; it rests upon a principle of the law of torts that one for whose benefit an act is done relative to and upon real estate must see to it that harm does not occur in the progress of the doing, if necessarily from the nature and circumstances of the work harm will occur unless guarded against. This duty is not performed merely by using care in the selection of a capable and trustworthy person to do the thing desired, ordinarily all the care that reasonable prudence calls for. The necessarily dangerous character of the work requires a higher standard of care; and this the law seeks to secure by making each person concerned in the work responsible if, through any lack of reasonable care on his own part in guarding against the known dangers of the undertaking, injury results from the negligence of those to whom he entrusts its performance. The law refuses, in such a case, to

say that, under all circumstances, the employer, whatever his relation to the work, is free from liability if he has done no more than secure an experienced, reliable and cautious person to do what that employer has undertaken. The employer is not an insurer. His liability is for negligence. The principle stated is supported by *Robbins* v. *Atkins*, 168 Mass. 45, *Boucher* v. *New York, New Haven & Hartford Railroad*, 196 Mass. 355, 359, 360, *Garland* v. *Whitney*, 217 Mass. 297, *Coles* v. *Boston & Maine Railroad*, 223 Mass. 408, *McGinley* v. *Edison Electric Illuminating Co. of Boston*, 248 Mass. 583, 585, 586, *Levesque* v. *Hildreth & Rogers Co.* 276 Mass. 429, where the rule was applied; and by *Pye* v. *Faxon*, 156 Mass. 471, 474, *Boomer* v. *Wilbur*, 176 Mass. 482, 484, *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91, 95, *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 570, *McCarthy* v. *Waldorf System, Inc.* 251 Mass. 437, 439, where it was recognized as law, but was inapplicable because the facts did not bring the cases within it. Nothing in *Carey* v. *Baxter*, 201 Mass. 522, 526, or *Stoliker* v. *Boston*, 204 Mass. 522, 536, cited by the defendant, casts doubt on it.

The last sentence of the charge: "If you are satisfied this blast was caused by negligence, then the plaintiff here would be entitled to recover" must be taken with the rest of the charge. The jury must have understood this to be true only if they found also the other things which the judge had instructed them were essential to recovery. So understood there is no error. Blasting is a dangerous business when carried on close to a city street in a neighborhood where many are at work within the range of missiles from an uncovered or negligently covered blast. One who employs another to do it must use all reasonable care to guard against injury to others, and may be found not to meet that degree of care merely by employing a suitable person to do it. The charge sufficiently stated the applicable rules of law. There was no reversible error in refusing to charge as requested. The refusal to direct a verdict for the defendant was right.

*Exceptions overruled.*