RICHARD KUNAN *vs.* MARTIN DeMATTEO.

Suffolk.    February 3, 1941. — February 26, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Agency,* What constitutes. *Negligence,* Independent contractor.

Evidence, merely that a contractor resurfacing a public sidewalk used in the work a gasoline shovel, hired by him upon a day rental which included the services of the operator, and advanced money to the operator which he later deducted from the rental due the owner, would not warrant a finding that the operator was the contractor's employee.

A contractor resurfacing a public sidewalk could not properly be found liable for injury sustained by a pedestrian due to the loosening of the cover of a manhole through negligence of an employee of an independent subcontractor in the operation of a gasoline shovel where there was no evidence that the contractor knew of the loosening of the cover or that he ought reasonably to have anticipated that the work of the shovel would necessarily result in such loosening unless proper precautions were taken to prevent it.

TORT. Writ in the Superior Court dated October 21, 1939.

After the return of a verdict for the plaintiff in the sum of $400, the case was reported by *Donnelly*, J.

*D. D. Leahy*, for the defendant.

No argument nor brief for the plaintiff.

RONAN, J. The plaintiff seeks to recover damages for an injury sustained, about seven o'clock on the evening of June 9, 1936, when, in attempting to cross Caledonian Avenue, in West Roxbury, from the premises of his employer, he stepped upon the metal cover of a water meter well and one half of the wooden rectangular frame which held the iron covering to the box collapsed, falling into the well and precipitating the plaintiff's leg into the well. The defendant at the time of the accident was engaged in setting up granite curbing and in resurfacing the sidewalk with bituminous concrete. The surface of the sidewalk in the vicinity of the water meter box had been excavated to a level of two inches below the top of this box. The defendant had been engaged since May, 1936, in the construction and resurfacing of the sidewalk on Caledonian Avenue, employing in the work a gasoline shovel that he rented from Hugh Nawn, Incorporated upon day rental, which included gasoline, oil, repairs, and the services of an operator. The defendant advanced money to the operator of the shovel and later deducted the amount advanced from the rental due the owner. In answer to interrogatories the defendant stated that he did not exercise or retain any control or supervision over the operator of this shovel.

There was evidence from one Armstrong, who was employed by the defendant in May or June, 1936, that some time prior to the plaintiff's injury he had seen this shovel "hit the manhole and shake it loose." In a written statement dated July 31, 1936, Armstrong referred to this incident as one in which "Hugh Nawn's" shovel struck the cover of the water meter box lifting the cover about a foot, and stated that a laborer then replaced it, and that this occurrence took place three or four weeks prior to the date of the statement, although in the same statement it appeared that he had told the plaintiff that this incident had occurred prior to the plaintiff's injury. The judge denied the defendant's motion

for a directed verdict.    After the jury had returned a verdict for the plaintiff, the judge reported to this court his ruling upon the defendant's motion.

The operator of the shovel that struck the water meter box was not the servant of the defendant.    The only evidence upon the relation of the operator to the defendant is contained in the latter's answers to interrogatories, from which it appears that the defendant rented the shovel from another contractor at a certain rate per day and that this rental included gasoline, oil, repairs and an operator.    The plaintiff is bound by these answers.    *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367.    *Washburn* v. *R. F. Owens Co.* 258 Mass. 446.    Even if these answers further disclose advances of money were made by the defendant to the operator which were deducted from the rental, this does not make the operator the servant of the defendant.    *Commonwealth* v. *Weinfield's Inc.* 305 Mass. 108.    *Wanders's Case, ante,* 157.

If the work that the defendant authorized the independent contractor to do was not inherently dangerous and its performance would not necessarily endanger persons in the street, and if the injury to the plaintiff was due to the negligence of the independent contractor in improperly performing a detail of the work and such negligence could not have been reasonably contemplated by the defendant, then the defendant is not liable even if the work was being performed in a public street.    *Harding* v. *Boston,* 163 Mass. 14.    *Boomer* v. *Wilbur,* 176 Mass. 482.    *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91.    *Regan* v. *Superb Theatre, Inc.* 220 Mass. 259.    *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569.    *Fox* v. *Pallotta,* 274 Mass. 110.    *Lappen* v. *Chaplik,* 285 Mass. 65.    Am. Law Inst. Restatement: Torts, § 426.    But if the nature of the work being done by the independent contractor is such that its performance will necessarily result in injury to others unless adequate precautions are taken to avert it, then the defendant is liable if an injury results from the absence of such precautions. *Boucher* v. *New York, New Haven & Hartford Railroad,* 196 Mass. 355.    *Nugent* v. *Boston Consolidated Gas Co.* 238

Mass. 221. *McConnon* v. *Charles H. Hodgate Co.* 282 Mass. 584. *Ferguson* v. *Ashkenazy,* 307 Mass. 197. *Weinfeld* v. *Kaplan,* 282 N. Y. 348. One undertaking work on a public way that will create dangers to travellers unless carefully performed cannot, by having the work done by an independent contractor, escape responsibility to those who are injured by the negligence of the latter which directly arose from the performance of inherently dangerous work or from a failure to guard properly the public from the dangers thereby created. *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335. *Coles* v. *Boston & Maine Railroad,* 223 Mass. 408. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221. *McGinley* v. *Edison Electric Illuminating Co. of Boston,* 248 Mass. 583. *Boylhart* v. *DiMarco & Reimann, Inc.* 270 N. Y. 217. *Wright* v. *Tudor City Twelfth Unit, Inc.* 276 N. Y. 303.

The independent contractor had nothing to do in reference to the water meter box. There was no evidence that the defendant knew of the damage to the box and then failed to take measures to avert injury to pedestrians. It was not intended or contemplated that the box should be damaged or its cover injured. It does not appear that the defendant ought to have reasonably anticipated that the performance of its work by the independent contractor would necessarily result in damage to the water box. If we assume in favor of the plaintiff that the condition of the cover of the box at the time of his injury resulted in some manner from the operation of the shovel, the danger of which the plaintiff complains was due not to the nature of the work but to the negligent performance by the contractor of a detail which it was not intended or expected that it would do. *Boomer* v. *Wilbur,* 176 Mass. 482. *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91. *Regan* v. *Superb Theatre, Inc.* 220 Mass. 259. *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569.

*Judgment for the defendant.*