CAVAN, J.
This is an action of tort for personal injuries sustained by the plaintiff through the alleged negligence of the defendant.
On October 11, 1946, the defendant was the owner of a dine and dance club where entertainment was furnished. In the evening of that day, the plaintiff entered the club and was directed by a hostess to a table near the entertainment stage. While seated at this table, she was struck and injured by an uni cycle which had rolled off the stage.
One Harris who had been hired by the defendant, through a theatrical agency, under contract, performed the unicycle act as part of the evening’s entertainment. Prior to the accident, he had left the cycle leaning against a wall of the stage, from which position, it rolled off.
The concluding findings of the trial judge (Mc-Walter, J.) were “I, therefore, find from all the evidence that there was no negligence on behalf of the Defendant’s Corporation, its agents or servants, and that the accident was caused solely through the negligence of William Haris, who was an independent contractor, whose negligenc'e the Defendant’s Corporation is not legally responsible for. I therefore, find for the defendant.”
The plaintiff claims to be aggrieved by the judge’s denial of her following requests for rulings:
“No. 3. The plaintiff in this case, has a right to rely on the defendant to use due care to prevent injury to her by............independent contractors.
No. 5. The defendant operator of a night club open to the public, owed the plaintiff a duty to use *[25] due care to prevent her injury by an independent contractor engaged by the defendant to entertain patrons.
No. 6. (b) The accident was caused by an agency or instrumentality within the exclusive control of the defendant.
No. 8. The fact that either or both parties, in the case, failed to explain the occurrence on which this case is based, does not prevent the operation of the doctrine of ‘res ipso loquitur’.
No. 9. On all the evidence, the rule of ‘res ipso loquitur’ applies in this case.”
The defendant owed to the plaintiff a duty “to exercise reasonable care to secure the use of reasonably safe equipment and methods by an independent contractor.” Restatement, Torts, § 415 (b). No evidence is reported that Harris’ equipment and methods were not reasonably safe. The fact that, on this one occasion, Harris left the unicycle in such a position, that it could and did roll off the stage, does not render the defendant responsible for the resulting injuries to the plaintiff. The above quoted section does not impose liability on the defendant” for harm which results from a merely casual act of negligence which is not sufficiently persistent to give the possessor the opportunity to prevent it by the exercise of reasonable care.” Restatement, Torts, § 415, comment (c). “If the work that the defendant authorized the independent contractor to do was not inherently dangerous and its performance would not necessarily endanger (patrons) and if the injury to the plaintiff was due to the negligence of the independent contractor in improperly performing a detail of the work and such negligence could not have been reasonably contemplated by the defendant, then the defendant is not liable.” Kunan v. DeMatteo, 308 Mass. 427, 429 and cc. There was no error in the denial of plaintiff’s requests for rulings, numbered 3 and 5.
The facts stated in plaintiff’s requests for rulings, numbered 6 (b) and 8 were not found.
The denial of plaintiff’s request for ruling, numbered 9, presents no error. The judge found “that the accident was caused, solely, through the negligence of William Harris who was an independent contractor.”
Lloyd Ritvo for the plaintiff.
Badger, Pratt, for the defendant.
There was no prejudicial error in the denial of the plaintiff’s requests for rulings. The report is to be dismissed.