JAMES SEVERIN TODD, administrator *vs.* HAROLD M. WERNICK.

Hampden.    September 20, 1956. — November 8, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence,* Independent contractor, One owning or controlling real estate, Hoisting apparatus.

Evidence that an independent contractor hired by the owner of an apartment house to install a new roof erected a hoisting apparatus on the roof consisting of a boom tilted over a tripod and extending over the edge of the roof, with a pulley at the outer end through which ran a long hoisting rope reaching to a passageway below and with a hook at the inner end from which a pail of gravel was suspended as a counterweight, that a child rightfully proceeding along the passageway took hold of the dangling hoisting rope and the boom fell upon and fatally injured her, and that after the accident the pail of gravel was found standing on the roof, did not warrant a finding that the work of the contractor was of such a nature as to impose liability on the owner for the child's death if it was caused by the contractor's negligence.

Tort. Writ in the Superior Court dated November 4, 1952.

The action was tried before *Broadhurst, J.*

*Robert J. Moran,* for the plaintiff.

*Ralph S. Spooner,* for the defendant.

Williams, J. This is an action of tort to recover for the death of the plaintiff's intestate. It is alleged in the count of the plaintiff's amended declaration on which the case was tried that the decedent received fatal injuries on September 26, 1952, from the fall upon her of a certain hoisting apparatus which was "erected in a negligent manner . . . [and] constituted a defect" in the defendant's premises.[1] There was evidence that the defendant was the owner of an apartment house numbered 28 Myrtle Street, Springfield, which was four stories in height and had a flat tar and gravel roof. Along the easterly side of the building was a passageway eight to ten feet in width which was used by the tenants to reach the rear entrances of their apartments. In September, 1952, the defendant hired one Julius Radding, a roofing contractor, to install a new roof on the building for a stipulated price of $700. It is undisputed that Radding was an independent contractor. He brought to the premises the necessary materials for his work consisting of sand, gravel, tar, and tar paper together with a furnace to be used for heating the tar. These materials were deposited by him along the said passageway and obstructed it to some extent but did not prevent its use. For the purpose of lifting material to the roof he erected and used a boom consisting of a four by four wooden beam twelve feet in length. One end of the beam was anchored to the roof and held in place by a pail of gravel weighing about seventy-five pounds which was suspended under it on a hook as a counterweight. The boom was tilted at an angle over a tripod and extended over the edge of the roof from two to two and one half feet. There was a pulley on the end of the boom through which ran a

---

[1] It appears that Marion B. Wernick (otherwise known as Meriam B. Wernick), who was joined in the writ as a defendant, had died in 1950.

ninety foot rope with a hook at one end. The method of raising materials to the roof was to attach the hook to whatever container was used and to pull it with its contents from the ground up to the edge of the roof by hand where it would be received by other workmen.

The decedent, a girl, seven years, nine months of age, was the daughter of the plaintiff who was a tenant in the building. On September 26, 1952, she returned from school about noon and with a boy, somewhat older, proceeded along said passageway toward the rear entrance of the building. Radding's workmen had left the job to go to lunch and the rope was dangling from the boom. The girl took hold of it, the boom fell upon her, and she received injuries from which she died. After the accident the pail of gravel remained standing on the roof.

After a verdict for the plaintiff the judge entered a verdict for the defendant under leave reserved and the plaintiff excepted.

If it be inferred that the boom toppled over because an employee of the independent contractor unhooked the counterweight, that fact alone would not make the defendant liable. His responsibility for the death of the child, assuming no contributory negligence on her part, could only be found on the principle that "one for whose benefit an act is done relative to and upon real estate must see to it that harm does not occur in the progress of the doing, if necessarily from the nature and circumstances of the work harm will occur unless guarded against." *McConnon* v. *Charles H. Hodgate Co.* 282 Mass. 584, 588. "The owner . . . of a building who has used due care in selecting and agreeing with an independent contractor to do lawful work, is not responsible to third persons for the negligence of such contractor or his servants in the performance of the contract, unless the nature of the work is such that a nuisance will be created or wrongful consequences be brought to pass unless guarded against." *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 570. There is no evidence that Radding was not a competent roofer or that there was inherent danger in the

work if properly performed.   The maintenance of the hoisting equipment could not be found to be improper or a nuisance.   The injury to the child appears to have been caused by some act or acts relating to a detail of the work which were not reasonably to have been expected.   See *Kunan* v. *DeMatteo*, 308 Mass. 427.   Essentially the case is like *Boomer* v. *Wilbur*, 176 Mass. 482, 485, *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91, *Regan* v. *Superb Theatre, Inc.* 220 Mass. 259, and *Berman* v. *Greenberg*, 314 Mass. 540. Compare *Whalen* v. *Shivek*, 326 Mass. 142, wherein is found a full review of the authorities.   It may be added that the accident was not caused by any defect in a common passageway maintained by the landlord for his tenants.   There was no error in entering a verdict for the defendant under leave reserved.

*Exceptions overruled.*