IDA M. DOYLE *vs.* HENRY J. LaCROIX, executor.

Suffolk. October 8, 1957. — December 11, 1957.

Present: SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence,* Use of way, Store, One owning or controlling real estate, Awning, Independent contractor, Dangerous work. *Nuisance. Way,* Public: nuisance, awning. *Agency,* Independent contractor.

An awning installed over a public sidewalk in front of a store, which had pulled away from the store building and sagged, and unguarded props, "two by fours" about ten feet long standing on the public sidewalk near the store entrance and supporting the awning while an independent contractor hired by the storekeeper prepared to rebolt it to the store building, did not constitute a nuisance referable to the store premises with respect to a pedestrian walking under the awning and injured when a prop was negligently knocked down by an employee of the contractor and hit her. [486]

Evidence of the circumstances in which a prospective customer of a store was injured when, as she approached its entrance along a busy public sidewalk and proceeded under an awning over the sidewalk in front of the store which had pulled away from the store building and sagged and was being supported by long wooden props while an independent contractor hired by the storekeeper to repair it prepared to rebolt it to the building, she was hit by one of the props negligently knocked down by an employee of the contractor did not warrant a finding that the place of injury was part of the store premises or that there was a breach of the storekeeper's duty to a customer respecting the condition of the store premises, or a finding that the storekeeper was liable to the injured person for the negligence of the contractor's employee. [487–488]

TORT. Writ in the Superior Court dated March 10, 1952.

The action was tried before *Swift, J.*

*Paul J. Dolan,* for the defendant.

*Thomas A. Brett,* for the plaintiff.

WHITTEMORE, J. The plaintiff in this action in tort for personal injuries had verdicts under a count for negligence and a count for maintaining a nuisance. These are the defendant's exceptions to the denial of his motions for a directed verdict on each count and of his motion for a new trial based on the claim of an excessive award. The defendant is the executor of the will of one Ira L. Jenkins who on February 28, 1952, was the operator (hereinafter called the "occupant") of the Dudley Super Market at 2337 Washington Street, Boston.

The evidence, taken most favorably for the plaintiff, permitted the following facts to be found: In 1949, Kool-Vent Metal Awning Corporation installed a permanent aluminum awning over the sidewalk in front of the market building. A fall of snow at some time more than two or three weeks prior to February 28, 1952, had caused the awning to pull away from the building at a point or points of attachment and to sag. The occupant, or his agent, had requested Kool-Vent to repair the awning. The agreement was oral, without specified price or terms. Kool-Vent was to send its bill when the work was done. Employees of Kool-Vent began this work on February 28 at about 11 A.M. Later that day, at about 3 P.M., the plaintiff, intending to enter the market as a customer, approached the entrance from the right and proceeded under the awning. One or more props or "two by fours," sticks about ten feet long, were then in place under the awning, supporting it in preparation for rebolting to the building. The props were within six feet of the entrance to the market and stood either at the front of the awning or close to a sidewalk vegetable stand which was maintained by a concessionaire of the occupant and which stood against the building on the plaintiff's right. She did not have to walk under or around the props. When the plaintiff was at or near the entrance a workman pushed one prop up and knocked down another one which hit and injured the plaintiff. No ropes or other barrier impeded the plaintiff's approach on the sidewalk. A ladder ten or twelve feet long stood against the building near the end of

the awning which she had passed. The plaintiff as she approached the store saw the two workmen "holding onto some props which were being raised." Before this, when "going down to do her shopping," she had seen the work with props getting under way. No one connected with the occupant exercised any control over the repairs or gave any directions as to how the repairs should be made.

The denial of the motions for directed verdicts was error.

1. There was no violation of the occupant's obligation to use "reasonable care to maintain his premises in a proper and safe condition so as not to cause injury to the public travelling on the way." *Mays* v. *Gamarnick,* 326 Mass. 139, 141. The sag in the awning was not the cause of the injury, nor did it constitute a potential danger in an aspect relevant to the injury. Compare *Whalen* v. *Shivek,* 326 Mass. 142, 154. The props were not based on the occupant's building nor were they so attached to the awning that the awning with props became a dangerous structure extending from the occupant's premises into and over the public way. Compare *Rockport* v. *Rockport Granite Co.* 177 Mass. 246. Even if this were not so, and the awning with unguarded props as it existed at 3 P.M. could reasonably have been deemed a nuisance based on the occupant's premises, there is no basis for concluding that it had existed in that condition for such length of time that the occupant should have known of it. The evidence that the work area was, some of the time at least, barred to travellers by the use of double stepladders, a rope and a plank is, of course, not binding on the plaintiff, but the different condition which it describes illustrates the variant circumstances which could, with likelihood, have existed, and been observed by the occupant, in the course of the work prior to the accident. Indeed the injury came not from the use of a prop or the failure to bar the walk, but from the negligent displacement of a prop in place, and it cannot be concluded, reasonably, that the occupant should have anticipated this, even if he had been charged with knowledge of the use of props and the general nature of the work being done.

2.   There was no breach of an obligation to a customer to keep business premises reasonably safe or to warn of unknown dangers.   See *Klironomos* v. *Rialto Theatre Co. Inc.* 325 Mass. 560, 561.   The place of the fall was not a part of the occupant's business premises.   The use by the occupant or his licensee of a part of the way for a vegetable stand does not show control over the adjacent parts of the way, or any right to admit thereto, or exclude therefrom, any person. The placing of the awning over the way did not annex the underlying portion of the way to the business premises. Kool-Vent by its own decision and in its own right, if any, was occupying a portion of the public way, and the injury resulted from the fall of a prop based thereon.

3.   The occupant is not liable for the particular negligence of Kool-Vent or its employees.

It could not have been found that either Kool-Vent or its employees were acting as the servants of the occupant, or that Kool-Vent stood in any relationship to him other than that of independent contractor.   This is a typical case of calling in the expert repair man.   There is no basis for inferring that the occupant had retained the right and power of directing in detail how the work should be done, and the absence of a fixed price is not determinative.   *Dutton* v. *Amesbury National Bank*, 181 Mass. 154.   *Lappen* v. *Chaplik*, 285 Mass. 65.   *Kunan* v. *DeMatteo*, 308 Mass. 427. Restatement: Agency, § 2 (2), (3); § 220 (2).   Compare *McDermott's Case*, 283 Mass. 74, 76.   *Brackett* v. *Lubke*, 4 Allen, 138, relied on by the plaintiff, is limited by later cases.   The occupant, therefore, could not. be held liable as one who, in contemplation of law, was doing the work, or who was in control of it.

There is nothing to suggest that the occupant failed to use due care in selecting the contractor.

It could not be said, reasonably, that "the nature and circumstances of the work . . . are such that injury to others will probably result unless precautions are taken."   *Whalen* v. *Shivek*, 326 Mass. 142, 150.   The repair of an awning is not "inherently or intrinsically dangerous."   *Ibid.* 150.

Compare *McConnon* v. *Charles H. Hodgate Co.* 282 Mass. 584; *Ferguson* v. *Ashkenazy*, 307 Mass. 197. We do not think that the necessity that tools and equipment would, in the course of the work, be elevated above passersby puts this case with *Whalen* v. *Shivek, supra.* In that case we distinguished *Boomer* v. *Wilbur*, 176 Mass. 482, where the work contracted for involved the handling of bricks in rebuilding a chimney over the heads of travellers on the way. We discern no materially greater likelihood of injury through the dropping of a tool or piece of equipment in the course of repairing the awning than would exist in other cases of work on a busy way through the moving of tools and equipment at ground level. Our cases have uniformly held that the contracting owner or occupant is not liable for negligence of the independent contractor which is merely incidental to carrying out nondangerous work. *Todd* v. *Wernick*, 334 Mass. 624. *Hilliard* v. *Richardson*, 3 Gray, 349. *Harding* v. *Boston*, 163 Mass. 14. *Boomer* v. *Wilbur*, 176 Mass. 482. *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91. *Regan* v. *Superb Theatre, Inc.* 220 Mass. 259. *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 570–571. *Fox* v. *Pallotta*, 274 Mass. 110. *Kunan* v. *DeMatteo*, 308 Mass. 427, 429. *Berman* v. *Greenberg*, 314 Mass. 540. *Rasimas* v. *Swan*, 320 Mass. 60. The circumstance that the occupant contracted for work which could be done under the contract, as it was done, during usual business hours, on, over, and adjacent to, a busy sidewalk, was clearly relevant, but we think in view of the many cases under our well established rule it does not .furnish a basis for holding the occupant liable.

The exceptions are sustained and judgment is to be entered for the defendant under the statute. G. L. (Ter. Ed.) c. 231, § 122.

*So ordered.*